## LITCHFIELD *v.* DANIELS.

JURISDICTION OF PROBATE COURT — *plaintiff may remit excess over $2,000, and sue in that court.* If the plaintiff's demand exceed $2,000, he may remit the excess and sue for that sum in the probate court.

PRACTICE — *plaintiff's demand determined by ad damnum.* If the plaintiff limit the *ad damnum* in his declaration to $2,000, this shall operate to remit the excess over that sum to the defendant.

CONTINUANCE — *to obtain testimony of absent witness — necessary diligence.* Upon affidavit for continuance on the ground of absence of witness, it appeared that defendant entered appearance Oct. 12, 1869 ; that he was not informed as to location of witness until January 29, 1870. *Held,* that affidavit was defective in not showing that inquiry was made for the witness between those dates.

PLEADING — *denying partnership.* Under section 6, chapter 30, Revised Statutes, 310, a plaintiff is not required to prove the joint liability of defendants sued as partners, unless the execution of the instrument sued on is denied by plea verified by affidavit.

IMMATERIAL ISSUE — *plea denying partnership.* Where in a suit on a promissory note against several defendants, as partners, one of them pleaded that at the date of the execution of the note he was not the partner of his co-defendants, the plaintiff was not required to prove the partnership.

*Appeal from Probate Court, Arapahoe County.*

Mr. S. E. BROWNE, for appellant.

Mr. ALFRED SAYRE, for appellee.

BELFORD, J. This was an action of assumpsit, brought in the probate court of Arapahoe county by the appellee against Abraham T. Litchfield, John W. Anthony, David Street and Henry Carlisle, copartners as John W. Anthony & Co., on a promissory note, of which the following is a copy:

"LARIMER CITY, WYOMING TERT.,

"*August* 17, 1868.

"One day after date, for value received, we promise to pay to the order of Daniels & Brown, the sum of $1,853.81, being balance due on book account with interest from date, at the rate of seven per cent per annum, until the sum shall be paid.     "JOHN W. ANTHONY & Co."

This note was indorsed by the payees to the plaintiff.

To the plaintiff's declaration, which consisted of a special count on the note, together with the consolidated common counts, the defendant filed the following plea verified: "And the defendant, Abraham T. Litchfield, by his attorneys, comes and defends the wrong, etc., and prays judgment, etc., because he says, that the defendant, Abraham T. Litchfield, at the time when, etc., was and is not a partner of the said John W. Anthony, David Street and Henry Carlisle, and is not jointly liable with the said John W. Anthony, David Street and Henry Carlisle as partners aforesaid, on the said supposed promises and undertakings in the said declaration mentioned in manner and form as the said plaintiff has, in his said declaration, alleged against him," etc. Issue was joined on this plea and the trial had by the court, who found for the plaintiff. The only evidence introduced on behalf of the plaintiff was the note. The defendant called no witness. The first objection taken by the appellant to the proceedings below is, that on the day that the summons was issued, there was due on said promissory note the sum of $2,019. It is insisted that the jurisdiction of the probate court is limited to the sum of $2,000, and that the claim sued on exceeds that amount by $19, and that the court had no power to try and deter-

mine the cause, for the reason that this sum of $19, being in excess of the amount fixed by law as the limit of the court's jurisdiction, rendered all the proceedings void.    Section 25 of the revised code, page 526, provides:    "The probate courts in the said several counties mentioned in the first section of this act, except the county of Gilpin, shall have concurrent jurisdiction with the district courts in all civil cases at law and in equity, where the debt or sum claimed shall not exceed $2,000."

While the amount due on the note at the issuing of the summons might have exceeded the amount prescribed in the above section, still the limit of the plaintiff's action was $2,000.    This was the extent of his *ad damnum*, and beyond this amount he sought to recover nothing.    After a careful consideration of the section above cited, and of the provisions in the organic act, we are of the opinion that it is not the amount due on the instrument sued on that fixes and determines the jurisdiction of the court, but the amount and extent of the plaintiff's claim.    If there be due on the instrument sued on $10,000, still if the plaintiff limits his claim to $2,000 the case is within the jurisdiction of the court.    The limitation of his claim in the *ad damnum* operates *per se* as a remittance of whatever amount may be due in excess of $2,000.    The next error complained of is the overruling of the defendant's application for a continuance. This suit was commenced in the probate court on the 12th day of October, 1869.    On the 14th of December the defendant filed his plea, and on the 14th of February, 1870, he filed his application for a continuance.    The sufficiency of the application for a continuance can be determined by either of two considerations, viz., 1st. The diligence used to obtain the evidence of the absent witness.    2d.  The materiality of his testimony as disclosed by the affidavit.    As to the diligence used to obtain the testimony of the witness, it is alleged in the affidavit that the defendant was ignorant of the whereabouts of this witness until January 29, 1870, and he then learned that the witness was in San Francisco, but about to sail for New York.    It nowhere appears that he

did sail for New York. It is nowhere alleged in the affidavit that from October 12, when the suit was commenced by the waiving of process by Litchfield, that any inquiry was made to ascertain the location of this witness or procure his testimony. If Mr. Litchfield was not a partner of Anthony & Co. at the date of the execution of the note sued on, he certainly knew that fact on the day when he entered an appearance. He knew what the issue would be, and it behooved him to make reasonable efforts to procure the testimony of witnesses by whom he might make good his defense. The court was clearly right in overruling the application for a continuance, for the reason that no diligence was shown to obtain the testimony of the witness.

It is further claimed that the court erred in finding for the plaintiff and entering up judgment in the face of the plea filed by the defendant. It is contended that it was incumbent on the plaintiff to do something more than simply introduce the note. It is insisted that it devolved on him to show that Litchfield was a partner in order to make him liable in the action.

Section six (6) of the Revised Code, page 310, provides in actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants as partners or joint obligors or payors, proof of the joint liability or partnership of the defendants or their Christian or surnames, shall not in the first instance be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by the filing of pleas denying the execution of such writing verified by affidavit as required by law.

From a reading of this section, it is evident that before the plaintiff can be required to introduce any evidence going to show that the defendants were partners or joint obligors, the defendant must file his plea not denying the partnership or joint obligation, but denying the execution of the writing sued on.

The plea filed in this case goes to no such extent; it simply avers that at the date of the note he was not a partner,

nor was he such partner at the time of the filing of the plea. This does not meet the requirements of the statute, nor did it render it necessary for the plaintiff to introduce other evidence than the note itself. Before the revision took place (see Laws 1861, p. 215, § 6) the law was different. The defendant could require the plaintiff to put in proof of partnership by filing a plea of abatement or by denying the execution of the writing sued on, but in the revision that part of section 6, page 215, Laws of 1861, which made it necessary for the plaintiff to establish the partnership when the defendant put it in question by plea of abatement, was omitted. The evident intention of the legislature in the revision was to relieve the plaintiff from the proof of partnership, when the execution of the writing itself was not denied under oath. And so reading the statute we are compelled to affirm the judgment rendered below, which is accordingly done, with costs.

*Affirmed.*