ARCHER v. LONG.

CLAIM AND DELIVERY—JUDGMENT—MOTION.—In an action in claim
and delivery, where the jury found for the plaintiff the possession of
the property, or a lump sum in case of non-delivery, and the defend-
ant delivers a portion, but cannot deliver the balance, a motion to
permit the defendant to show the value of the portion not delivered
will be refused. *Divided Court.*

Before BENET, J., Union, August, 1895. Affirmed.

The facts are fully stated in the following order on Circuit:

This was an action of claim and delivery, tried at the October term, 1890, of this Court. The verdict and judgment was in favor of the defendant, for the return of the property in dispute, or for the sum of $1,700, the value thereof, in case a recovery could not be had, and for the costs and disbursements of the action. The sheriff being a party to the suit, execution was issued to and lodged with the coroner of the county, who, on April the 15th, 1893, delivered to the defendant a part of the property described in the execution, and made return that the balance of it could not be found. He also made return upon the execution that the plaintiffs had no property within his county whereof he could levy, as commanded therein. The defendant, as sheriff of the county, then advertised and sold that part of the property which had been returned to him, under and by virtue of certain executions in his hands which he had levied upon it, and it brought $345.10, which was applied towards the partial satisfaction of said executions, leaving still due and unpaid thereon a considerable balance. On August 3d, 1894, an order in supplementary proceedings herein was made by his Honor, Judge Watts, then the presiding Judge in this circuit, by which J. Wright Nash, Esq., was appointed referee, to take and certify the examination of H. F. Means and W. J. Beaty, as executors of the last will and testament of Robert Beaty, sr., deceased, who was alleged to be indebted to plaintiffs.

This is a motion on the part of plaintiffs "for an order allowing plaintiffs to introduce testimony in their behalf before J. W. Nash, who has heretofore been appointed special master, showing the value of that part of the property described in the complaint which was not found by the coroner, and delivered by him to the defendant, as well as on other points." The last clause in the notice of the motion above quoted is very general, but counsel for plaintiff stated, at the hearing, that the only points upon which they desired to introduce testimony were: First, to show the value of that part of the property which was not returned

to the defendant, and that for the purpose of having the Court order that the value of that, as shown by such testimony, be paid upon the judgment in full satisfaction thereof. And, second, to show that the judgment herein is void, because Judge Wallace, before whom the cause was tried, was disqualified on account of being interested in the event of the suit, in that he was, at the time of the trial, a creditor of one of the plaintiffs, to wit: Mrs. Jessie M. Thomson. Upon this latter point it is admitted by counsel for the plaintiffs that they (the plaintiffs) have already heretofore made a motion to set aside the judgment herein upon this very same ground. The said motion was duly heard by his Honor, Judge Witherspoon, who, after hearing the affidavits and evidence, pro and con, passed an order in which he refused the motion upon the merits; that from this order an appeal was taken to the Supreme Court, which was dismissed; that thereafter the plaintiffs moved the Supreme Court to reinstate their appeal, and that said motion was refused, after having been heard on its merits, and an order filed to that effect. Now, it is clear to my mind that, upon both these points, the plaintiffs are estopped; upon the first, by the judgment and verdict herein, and, upon the second, by the order of Judge Witherspoon.

To allow them to introduce the testimony which they propose, would be to open up for reconsideration and review matters that have already been duly and solemnly considered and passed into the judgment of this Court. This cannot be done. It is, therefore, ordered, that the motion be, and it is hereby, refused. It is further ordered, that the original notice of this motion and the affidavit of A. G. Means be filed herewith.

From which order the plaintiffs appealed, on the following grounds:

Because, as it is respectfully submitted, his Honor, W. C. Benet, erred:

I. In holding that the plaintiffs were estopped from show-

ing the value of that part of the property which was not returned to the defendant, and that for the purpose of having the Court order that the value of that part, as shown by such testimony, be paid upon the judgment in full satisfaction thereof.

II. In holding that the plaintiffs were estopped from showing that the judgment herein is void, because Judge Wallace, before whom the cause was tried, was disqualified on account of being interested in the event of the suit.

III. In holding that, to allow plaintiffs to introduce the testimony which they propose, would be to open up for reconsideration and review matters that have already been duly and solemnly considered and passed into the judgment of the Court.

IV. In holding that the plaintiffs could not introduce the testimony which they proposed, as that would be to open up for reconsideration and review matters already duly and solemnly considered and passed into the judgment of the Court.

V. In passing his said order on matters which were neither presented nor embraced in the foregoing notice or the accompanying affidavit.

VI. In holding that the price of the property at the sale by the sheriff, under execution herein, on salesday in May, 1893, was the sole and proper credit on the judgment and execution herein.

VII. In holding that there is still due and owing a considerable balance on the execution in said action.

VIII. In not holding that, inasmuch as the verdict and judgment herein decided title in A. G. Means of the property in dispute, that the plaintiffs, as third parties, could not be held for the proposed balance on judgment, amounting, under his Honor's ruling, to about $2,200, instead of the just and lawful sum of about $150, as the balance due.

IX. In not holding that the defendant was committed and restricted to his plain statutory remedy of suit upon the outstanding replevin bond, which is absolutely good

and gilt-edge, and with condition broken, by the alleged omission to return a part of the property in dispute, presents to said defendant full and adequate legal remedy for any balance herein due.

X. In refusing and overruling plaintiffs' motion, as above set out.

*Mr. W. W. Thomson.* for appellant.

*Messrs. Carlisle & Hydrick*, contra.

July 16, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced on the 11th of August, 1888, for claim and delivery of nine mules, three wagons, five cows, seven hogs, a lot of farming implements, a threshing machine and fan. The case was tried at the October (1890) term of the Court, and resulted in a verdict for the defendant for the return of the property in dispute, or for the sum of $1,700, the value thereof, in case a delivery could not be had. Judgment was entered in accordance with the verdict, and for the costs and disbursements of the action.

The sheriff being a party to the suit, the coroner of the county, with whom the execution was lodged, delivered to the defendant a part of the property described in the execution on the 15th of April, 1893, and made a return that the balance could not be found. A. G. Means, the father of the plaintiffs, in his affidavit states that the remainder of the property consisted of three mules, three cows, and five hogs, worth in his judgment not exceeding $150. The affidavit of the defendant, amongst other facts, states that "he duly advertised the property so returned to him, under and by virtue of executions in his hands against A. G. Means, sr., under which he had levied upon it, when the action was commenced against him, and sold the same at public auction on salesday in May, 1893, and that it brought the sum of $345.10, which was applied toward the satisfaction of said executions, and that after such application said execu-

tions still remained unsatisfied, and that no part of the costs and disbursements of this action has been paid, and that the judgment and execution herein still remained unsatisfied." His affidavit further sets forth in detail the rendition and entry of two other judgments in his favor against the plaintiffs, and that executions thereupon were duly issued and lodged with the coroner; that the same have been returned wholly unsatisfied and remain unpaid.

On the 23d of July, 1894, his Honor, Judge Watts, granted an order in supplementary proceedings, which, after the usual preliminary recitals, proceeds as follows: "It is further ordered, that the said Henry F. Means and W. J. Beaty, as executors of the last will and testament of Robert Beaty, deceased, be and each of them is hereby required to appear before me, at my chambers at Spartanburg, S. C., on Friday, the 3d day of August, 1894, at 10 o'clock A. M., to be examined on oath concerning the indebtedness of them, and each of them, to the plaintiffs named, or any or either of them." A copy of this order was served upon W. W. Thomson, Esq., plaintiffs' attorney, on the 24th day of July, 1894. At the request of W. W. Thomson, Esq., his Honor, Judge Watts, postponed the examination, and appointed J. W. Nash, Esq., special master, to take the testimony and certify the examination of said parties, at such time and place as he might appoint.

Messrs. Duncan & Sanders, then plaintiffs' attorneys, served notice on defendant's attorneys that they would make a motion before his Honor, Judge Benet, at Spartanburg, on the 7th of August, 1895, for an order allowing the plaintiffs to introduce testimony in their behalf before J. W. Nash, who had been appointed special master, showing the value of that part of the property which was not found by the coroner, and delivered by him to the defendants, "as well as on other material points in the matter." The record in the case showed that under the order of his Honor, Judge Watts, the special master appointed by him had held a reference on July 12th, 1895, and had taken and reported the

562        ARCHER v. LONG.

testimony of the persons ordered to be examined. The motion was heard by his Honor, Judge Benet, and refused, for the reasons stated in his order, which, together with appellant's exceptions, will be incorporated in the report of the case. No objection seems to have been urged against granting the order, on the ground that J. W. Nash was no *longer special master* at the time the motion was made. The second exception has been abandoned.

This Court will, therefore, consider the only other question raised by the exception, to wit: whether his Honor, the Circuit Judge, was in error in refusing the motion on the ground that, "to allow them to introduce the testimony which they propose would be to open up for reconsideration and review matters that have already been duly and solemnly considered and passed into the judgment of the Court." The plaintiff's motion was not intended to raise any question as to the *validity* of the judgment, nor any matters adjudicated by it, but to have a fact ascertained occurring *after* the rendition of the judgment, to wit: the amount necessary to satisfy the judgment after crediting it with the property returned to the defendant. When the question arose as to the amount necessary to satisfy the judgment it was important to ascertain this fact, so as to be able to carry into effect the provisions of the order as to supplementary proceedings without detriment to the rights of at least some of the parties to the action. Subdivision 2, section 312, of the Code, is as follows: "After the issuing of an execution against property, and upon proof by affidavit of a party, or otherwise, to the satisfaction of the Court, or a Judge thereof, that any judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, such Court or Judge may by an order require the judgment debtor to appear at a specified time and place, to answer concerning the same; and such proceedings may thereupon be had, for the application of the property of the judgment debtor towards the satisfaction of the judgment, as are provided upon the return

of an execution." Section 313 of the Code provides: "After the issuing of execution against the property, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution * * *." It will thus be seen how important it is to know the amount remaining unpaid on the execution. It is a familiar principle that the Court of Equity will exercise, even by an independent action in a proper case, its powers of injunction by restraining proceedings under a judgment and execution which have been paid. So, whenever it becomes necessary, during the progress of a case, to know the extent to which payments have been made on a judgment, the Court will render all reasonable aid to ascertain such fact. The object of section 283 of the Code, under which the jury rendered the verdict herein, is thus stated by Mr. Chief Justice McIver, in *Finley* v. *Cudd*, 42 S. C., 127: "It seems to us that the real object of the section of the Code under which this question arises is of a two-fold character—first, to protect the rights of the true owner of the property to regain possession of his property *in specie*, if practicable; second, to save the party who may be innocently but illegally in possession of the property of another from being compelled to pay such value as the jury may see fit to place upon the property, by giving him the alternative of returning the property to its rightful owner and only paying such damages for its detention as may be determined to be proper." If the plaintiff returns the chattels adjudged to be the property of the defendant within a reasonable time, in as good condition as they were at the time the judgment was rendered, and pays whatever damages have been assessed, together with the costs of the action, the judgment will thereby become inoperative, and satisfaction should be entered upon the record. In this case the jury rendered an alternative verdict for the value of the property but did not assess any damages. Therefore, in this case, a return of the property within a reasonable time after the rendition

of the judgment, in as good condition as when the judgment was rendered, and payment of the costs, would have extinguished the judgment. When a part of the property is returned, but not within a reasonable time, nor in as good condition as when the judgment was rendered, the property so returned works satisfaction of the judgment in the proportion which the value of the returned property bears to the value of all the property as assessed by the jury. The value of the property is concluded by the verdict of the jury, and is the standard by which to determine the proportionate amount that should be credited on the judgment; and, as it is not known at this time what amount is still due on the judgment, the plaintiffs should be allowed to renew their action, looking toward the ascertainment of this fact. *Trimmier* v. *Vise*, 17 S. C., 504.

It is the judgment of this Court, that the judgment order of the Circuit Court be reversed.

MR. JUSTICE POPE *concurs.*

MR. CHIEF JUSTICE MCIVER. The defendant, as sheriff, having levied upon certain personal property, as the property of one A. G. Means, sr., under certain executions in his office against said Means, the plaintiffs set up a claim thereto, and brought this action of claim and delivery to recover the possession thereof from the defendant, who had seized the same under said executions, and the plaintiffs having given the required undertaking, the property was delivered to them. The action of claim and delivery resulted in a verdict for defendant, and for a return of the property; and, in case such return could not be made, for the sum of $1,700, or the value thereof; and judgment was entered in accordance with the verdict, and for the costs and disbursements of the action. Upon appeal from such judgment, it was affirmed by the Supreme Court. From this judgment plaintiffs could have relieved themselves by doing one of two things: First, by returning the property in dispute and paying the costs of the action; second, by

paying the value of the property, as finally fixed and determined by the judgment, together with the costs. It appears now that the plaintiffs have returned only a part of the said property, and that they cannot return the balance. So that the practical inquiry is, to what amount are the plaintiffs entitled to credit on the whole value of the property, as ascertained and finally determined by the judgment? It seems to me that the obvious answer is, that the amount of the credit to which plaintiffs are entitled is the real value of the property which was returned; for if none of the property had been returned, then, certainly, the plaintiffs would have been liable to pay the whole amount of the value thereof, as ascertained and finally determined by the judgment. But if, on the other hand, the plaintiffs had returned all of the property in dispute, then they could not be required to pay anything but the costs. It seems to me, therefore, that the question as to what is the value of the property which has not been returned is an immaterial inquiry; and as the motion was to allow the plaintiffs to introduce testimony "showing the value of that part of the property described in the complaint which was not found by the coroner and delivered by him to the defendant, as well as on other material points in the matter," I think it was properly refused, for the reason that, as I have said, such testimony was immaterial; and the application to introduce testimony "on other material points in the matter," which, in the decree of the Circuit Judge, is explained to mean testimony as to another point which has been formally abandoned in this case, becomes likewise immaterial.

But, while this is so, yet I am quite willing, in the interests of fairness and justice, that plaintiffs shall have an opportunity, if they so desire, to apply for an order allowing them to introduce testimony to show what was the real value of the property which was returned, in order that such value may be credited on the $1,700 ascertained by the judgment to be the value of the whole of the property. For, while it does appear that the portion of the property

which was returned has been sold by the sheriff, and, ordinarily, the amount of such sale would be, at least *prima facie*, the test of its value, yet if the plaintiffs can show that its real value exceeded the sum which it brought at sheriff's sale, I think they ought to be permitted to do so.

It seems to me, therefore, that the proper judgment in this case is, that the order of his Honor, Judge Benet, be affirmed, but without prejudice to the right of the plaintiffs to make another motion, upon due notice, for the purpose indicated above.

MR. JUSTICE JONES concurs in the opinion of the Chief Justice.

Remittitur stayed by order of the Court, and by its order sent down on 25th November, 1896.