'A. WEDGEWOOD & COMPANY, Appellant, v. CHARLOTTE
PARR.

**Jurisdiction:** JUSTICES OF THE PEACE. Where a petition filed with
a justice of the peace prayed for judgment on a note for
$128.50, with interest, and for the possession of wheat valued
at $280, the amount exceeded the jurisdiction of the justice,
under Code, section 4477, giving justices of the peace jurisdic-
tion when the amount in controversy is not more than $300.

CONSENT. Where a suit was brought before a justice of the
peace, the amount claimed, and not the amount to which
jurisdiction by consent was given, was the criterion of his
jurisdiction.

SAME. Where a suit was brought on a note and for the possession
of wheat, the value of which was fixed at $280, a justice of the
peace had no jurisdiction, even though the claim on the note
was disregarded, and though the note consented to jurisdic-
tion up to $300; since the jurisdiction of justices of the peace'
was limited in such matters to $100.

ON APPEAL TO DISTRICT COURT. Where a justice of the peace had
no jurisdiction of a cause because the amount claimed ex-
ceeded the jurisdiction given to justices by the statute, the
district court could not acquire jurisdiction by appeal.

**Replevin:** MISJOINDER OF CAUSES. Where a petition claimed judg-
ment on a note with interest and for the possession of wheat,
there was a misjoinder of causes under Code, section 4164,
providing that, in actions of replevin, there could be no
joinder of any cause of action not of the same kind.

*Appeal from Buena Vista District Court.*—HON. F. H.
HELSELL, Judge.

FRIDAY, DECEMBER 21, 1900.

THIS action was commenced before C. F. Aiken, a jus-
tice of the peace, on the sixth day of December, 1898. The
petition shows that recovery is sought on a promissory note
for $128.50, with interest from March 20, 1898. The peti-
tion further shows that the plaintiff is entitled to the pos-
session of 700 bushels of wheat, of the value of $280, which
wheat is wrongfully detained by defendant, and a writ of

replevin is asked, and was issued, and the wheat taken possession of by the sheriff, and by him sold.  The following, with certain omissions, deemed unimportant, is a part of the transcript of the justice: "Now, on this sixth day of December, 1898, said plaintiff claims of defendant one hundred and twenty-eight dollars and interest, being amount due on their note, and also ask for the immediate possession of 700 bushels of wheat, and filed their petition for same, and also file replevin bond; and now on this sixth day of December, 1898, I issued said replevin.  *  *  *  And now, on this 20th day of December, 1898, at the hour of 11 o'clock a. m., at my office in said township, said cause is by me called for hearing, as Sheriff E. L. O'Bannon pays into court $152.49, and says that he is told to pay this into court by Jas. De Land, and that it be turned over to A. Wedgewood, the plaintiff, or so much thereof as will satisfy his claim in full; and the court finds that there was due the plaintiff $147.05, and which amount is paid to the plaintiff. This is therefore settled in full by payment of debt." The transcript then shows that the venue of the action was changed, on motion of defendant, to Justice L. E. Yerington, before whom the defendant presented a motion, on which there was no ruling, which was followed by a motion by plaintiff to dismiss the proceedings for two reasons —First, that the transcript of Justice Aiken affirmatively showed that the cause was finally settled; and, second, that Justice Yerington had no jurisdiction to entertain the cause; and the court sustained the motion on the latter ground, and gave judgment against defendant for costs.  Defendant then took the case, by writ of error, to the district court, in which it was found that Justice Aiken erred in assuming jurisdiction of the replevin action, and that his action therein was void and of no force, and remanded the cause to Justice Yerrington with instructions to return the same to Justice Aiken, who was directed to dismiss as to the replevin action.  The plaintiff appealed.—*Affirmed.*

*A. D. Bailie* for appellant.

*James De Land* and *F. J. Parr* for appellee.

GRANGER, C. J.—It will be noticed that the district court in its orders confined itself to the replevin part of the action, and we assume the reason to be that the claim, based on the note, was paid, and the obligation discharged thereby.

Upon that branch of the case we are not called upon to express any opinion, and we do not. In the note in suit is a consent that a justice of the peace may have jurisdiction to the amount of $300. For the purpose of jurisdiction, the amount claimed is the criterion. *Stone v. Murphy,* 2 Iowa, 35; *McVey v. Johnson,* 75 Iowa, 165.

The claim in the petition is for a judgment for $128.50, with interest, so that the amount was $147.05, and for the possession of wheat alleged to be of the value of $280. The amount exceeded the jurisdiction of the justice as to the subject-matter of the action. By Code, section 4477, a justice of the peace may have jurisdiction when the amount in controversy is not more than $300. There is no provision for jurisdiction when the amount is greater.

No action of the parties could authorize either justice to assume jurisdiction for a greater amount. *Hynds v. Fay,* 70 Iowa, 433; *Cerro Gordo County v. Wright County,* 59 Iowa, 485. If the justice had no jurisdiction, the district court would not acquire judisdiction by appeal. *McMeans v. Cameron,* 51 Iowa, 691.

From the inception of this proceeding no court has had jurisdiction of the subject-matter. The argument of the appellant deals with the questions of consent, and what proceedings might or should have been adopted by defendant, and a waiver is urged because of them. Some affidavits were filed on which Justice Aiken acted in paying the money to plaintiff. These matters are of no weight in avoidance of the right of the defendant to have the action dismissed. A

want of jurisdiction as to the subject-matter cannot be waived, but the defect may be urged at any stage of the proceeding. *Walters v. The Mollie Dozier,* 24 Iowa, 192.

If we should disregard the claim on the note in fixing the amount, still the court would be without jurisdiction; for the value of the wheat was fixed at $280, and the jurisdiction of the justice in that matter is limited to $100, for there was no consent, except as to the action on the note. There was also a misjoinder of the causes of action. Code, section 4164. Some other questions are argued, but we need not consider them, for the conclusion must be the same, that the proceedings were void for want of jurisdiction, and hence the cause must be dismissed. The judgment is AFFIRMED.