REYNOLDS v. PHILIPS.

JURISDICTION—MAGISTRATES—CLAIM AND DELIVERY.—An action for the possession of chattels of the value of $100, and for $75 damages, or in case the chattels can not be returned for their value, $100, and $75 damages, is not within jurisdiction of magistrate.

Before GARY, J., Richland, April, 1904. Affirmed.

Action by Jim Reynolds against E. E. Philips *et al.* From Circuit order dismissing magistrate judgment, plaintiff appeals.

*Messrs DePass & DePass,* for appellant.

*Messrs. P. T. Youmans* and *H. P. Green,* contra.

June 27, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This appeal raises the question as to the jurisdiction of a magistrate in claim and delivery proceedings. The action was commenced in a magistrate's court to recover the possession of certain chattels, or if a return thereof could not be had, then for $100, the alleged value thereof, together with $75 damages.

The trial resulted in a verdict for the plaintiff against the defendant for the possession of the property, or in case a return thereof could not be had, for $100, the value thereof, and $50 damages. The defendant appealed to the Circuit Court on the ground that the magistrate did not have jurisdiction, as the amount claimed exceeded $100. This ground was sustained by the Circuit Judge and the plaintiff appealed from his ruling. Section 21, art. V., of the Constitution, provides that "magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the value of property in controversy or the amount claimed exceeds one hundred dollars." The *proviso* sets forth two classes of cases as to which the jurisdiction of magistrates shall not extend: 1st, where the value of property in controversy exceeds $100; and 2d, where the amount claimed exceeds $100.

The plaintiff claimed, first, the return of the property, together with $75 damages, and, second, $100, the value of the property, and $75 damages for its unlawful detention, in case a return thereof could not be had. The question of jurisdiction is to be determined by the amount *claimed;* and as the amount claimed in this action exceeds $100, the magistrate did not have jurisdiction. *Catawba Mills* v. *Hood.* 42 S. C., 203, 20 S. E., 91; *Corley* v. *Evans,* 69 S. C., 520.

3—72

This conclusion is strengthened by bearing in mind the characteristics of the action in claim and delivery. The statutory action of claim and delivery is practically a combination of the former actions of replevin and trover. Replevin was an action to recover the possession of specific chattels, together with damages for their unlawful detention. Trover was an action for damages arising out of the unlawful conversion of personal property. In so far as the plaintiff's action sought to recover the possession of the chattels it partook of the nature of replevin; but in so far as it claimed the value of the property and damages it resembled the action of trover. The action of claim and delivery is even more assimilated to the action of trover than to the action of replevin. *Tittle* v. *Kennedy,* 71 S. C., 1.

The complaint, in effect, states two distinct causes of action though in the alternative. The dual nature of the action finds expression in the judgment which the plaintiff is entitled to recover in such action. The alternative judgment for the value of the property will be enforced as effectually as the judgment for the recovery of the possession of the chattel. *Archer* v. *Long,* 47 S. C., 556, 25 S. E., 84.

The plaintiff has the right to elect whether he will bring his action to recover possession of the specific chattel, or for damages for the unlawful conversion. *Richey* v. *DuPre,* 20 S. C., 6. Not only is he entitled to exercise this right before commencing his action, but he may make his election thereafter. It may even be made in the Circuit Court when there is an appeal from the judgment rendered in the magistrate's court. *Joplin* v. *Carrier,* 11 S. C., 327; *Williams* v. *Irby,* 16 S. C., 371. The reason why the plaintiff is permitted to waive or withdraw one remedy and still recover upon the other, is because they are distinct and independent.

If the plaintiff had simply brought his action for $100, the value of the property, and $75 damages, the magistrate could not have entertained jurisdiction. The fact that he also claimed the return of the property, valued at $100, together with $75 damages, was an additional reason why the

magistrate could not try the case, and it could not be successfully urged as conferring jurisdiction. It would be anomalous to hold that an *additional* claim had the effect of *reducing* the amount in controversy so as to bring it within jurisdictional limits.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.