## MATHENY v. BANK OF NASHVILLE.

No. 6525—Opinion Filed Sept. 26, 1916.

Rehearing Denied Oct. 17, 1916.

(160 Pac. 92.)

**1. Justices of the Peace—Jurisdiction—Amount in Controversy.**

In an action in replevin in the justice's court, where the amount in controversy exceeds $200, the court has no jurisdiction thereof.

**2. Same.**

In determining the jurisdiction of the justice's court in an action of replevin, the value of the property and the damages sought to be recovered for its detention must be considered together, as fixing the amount in controversy.

**3. Justices of the Peace—Appeal—Jurisdiction of County Court.**

The jurisdiction of the county court upon appeal from a replevin action in the justice's court must be determined by the laws in force applicable to the jurisdiction of a justice's court, as the county court upon appeal can acquire no greater jurisdiction than that possessed by the justice's court.

**4. Same—Effect of Remittitur.**

Remittitur made in the county court so as to reduce the amount involved within the jurisdiction of a justice of the peace cannot invest the county court with jurisdiction upon an appeal from a justice's court, where the amount involved in said action exceeded the jurisdiction of the justice's court.

(Syllabus by Hooker, C.)

Error from County Court, Alfalfa County; F. M. Gustin, Judge.

Action by the Bank of Nashville against P. M. Matheny. From a judgment for plaintiff, defendant brings error. Dismissed.

Titus & Talbot, for plaintiff in error.

Webster Wilder, for defendant in error.

Opinion by HOOKER, C. In January, 1912, the Bank of Nashville commenced this action of replevin in the city of Cherokee, Alfalfa county, Okla., against plaintiff in error, P. M. Matheny, whereby it sought to recover the possession of certain personal property, or if the same could not be had, the value thereof in the sum of $130, and for the further sum of $75 damages and costs. Trial was had in the justice court, and judgment rendered in favor of the bank and against the plaintiff in error, from which an appeal was had to the county court of Alfalfa county, and on the 20th day of October, 1913, this cause was tried in said court, and judgment rendered in favor of the bank and against plaintiff in error for a return of the property or its value in the sum of $130.

There are several reasons assigned why the judgment in this case should be reversed; but, under the view that we take, it is only necessary to consider one.

It appears from an examination of the record before us that the plaintiff instituted this action in the justice's court to recover the possession of personal property or its

value in the sum of $130, and for the further sum of $75 damages, thus making the amount in controversy in this action $205. When the judgment was rendered in the lower court, an appeal was had to the county court, where the cause was tried de novo, and at the beginning of the trial plaintiff in said action attempted to remit or disclaim the damages sought to be recovered here, and the cause was tried upon the remaining issues involved in said cause, to wit, the recovery of the personal property or its value.

Under section 18, art. 7, of the Constitution of this state, the office of the justice of the peace is created and its jurisdiction fixed in civil cases where the amount involved did not exceed $200 exclusive of interest and costs. It clearly appears from an examination of the record before us that the amount in controversy here was personal property of the value of $130, and damages to the extent of $75. There can be no question under the authorities but that we must consider the value of the property and the damages claimed for its detention together as constituting one sum in controversy here. The following cases are in line with this view:

In the case of Ferguson v. Byers, reported in 40 Ore. 468, 67 Pac. 1115, the Supreme Court of Oregon said:

"The statute limiting the amount in controversy is as follows: 'A justice's court has jurisdiction, but not exclusive, of the following actions: * * * (2) For the recovery of specific personal property, when the value of the property claimed and the damages for the detention do not exceed two hundred fifty dollars ($250).' It will be remembered that the defendant alleged in her complaint, in the action to recover possession of the property, that the value thereof is $249, and that in consequence of the unlawful seizure and detention she sustained damages in the sum of $25, thus making the amount in controversy, in case possession of the property could not be secured, the sum of $274, which is in excess of the jurisdiction of a justice's court, and its judgment is void unless the remission by defendant's counsel of the sum of $25 removes the objection. Camp v. Wood, 10 Watts (Pa.) 118. While a diversity of judicial opinion exists as to what constitutes the amount in controversy, it is settled in this state that the sum thus involved is to be determined by the ad damnum clause of the complaint, and not by the amount of the judgment. Troy v. Hallgarth, 35 Ore. 162, 57 Pac. 374. The defendant not having remitted any part of the damage which she claims to have sustained until the judgment for the possession of the property was rendered, it is not necessary to consider whether a party can waive a part of his claim, so as to bring it within the jurisdiction of an inferior court; for, to accomplish this result, the remitter must be made when the action is begun; otherwise jurisdiction of the subject-matter is not secured. Litchfield v. Daniels, 1 Colo. 268. * * * A court's jurisdiction of the subject-matter of an action is determined, in the first instance, from an inspection of the allegations of a complaint. Such jurisdiction, however, may be defeated by the introduction of testimony at the trial, conclusively showing that the subject of the controversy is not within the limit of the court's power. * * * But where, from an inspection of the complaint, the court does not have, in the first instance, jurisdiction of the subject-matter, neither testimony nor remitter can confer such jurisdiction. The defendant having alleged in her complaint that the value of the property taken and the damage sustained by her was the sum of $274, which she apparently sought to recover, the justice's court never secured jurisdiction of the subject-matter."

In the case of Hobbin v. Ryan, 130 Cal. 96, 62 Pac. 296, the Supreme Court of California said:

"In Constitution, art. 6, sec. 11, providing that 'justices shall have jurisdiction in cases of forcible entry and detainer, where the rental value does not exceed twenty-five dollars ($25) per month, and where the whole amount of damages claimed does not exceed two hundred dollars ($200),' and Code Civ. Proc. secs. 113, 1163, in which the same language is used, the word 'damages' must be construed to include the whole amount sued for, and to be adjudged, not merely the legal value of the use and occupation, but treble such value, where the same is prayed for as damages, as permitted by statute, and where the damages claimed under such construction exceed $200, the justice is without jurisdiction."

In Reynolds v. Phillips, 72 S. C. 32, 51 S. E. 523, the Supreme Court of California said:

"An action for possession of chattels of the value of $100, and for $75 damages, or, if they cannot be returned, for a judgment for $175, is, under Const. art. 5, sec. 21, in excess of the jurisdiction of a magistrate."

In the case of Dempsey v. Hill, 3 Ohio Dec. 260, the Logan county common pleas court of said state held:

"If damages claimed before a justice exceed $100 in an action of replevin, his jurisdiction is ousted. * * * Justices of the peace have jurisdiction in such actions of replevin, or trespass against constables and sheriffs, 'where the sum or matter in dispute' does not exceed $100."

"Under the statutes precluding a justice from exercising jurisdiction 'where the sum or matter in dispute exceeds one hundred dollars ($100),' it requires an addition of the value of replevied property to the damages

claimed, in determining a justice jurisdiction in replevin."

In the case of Wedgwood v. Parr, 112 Iowa, 514, 84 N. W. 528, it is said:

"Where a petition filed with a justice of the peace praying for judgment on a note for $128.50, with interest, and for the possession of wheat valued at $280, the amount exceeded the jurisdiction of the justice, under Code, sec. 4477, giving justices of the peace jurisdiction when the amount in controversy is not more than $300."

In the case of Stevers v. Gunz, 23 Minn. 520, it is said:

"Justice of the peace has no jurisdiction in an action in replevin, where the value of the property and amount of damages claimed, taken together, appear from the complaint to exceed $100."

The record here does not disclose that any remitter was made by the plaintiff below as to damages in the justice's court, nor can we in this action indulge the presumption that the same was done, for the record is to the contrary. The remitter made in the county court where said cause was tried upon appeal will not suffice to invest the county court with jurisdiction of this case upon appeal, if the justice's court did not possess jurisdiction thereof. The authorities are well settled that appellate courts like the county court, do not acquire jurisdiction of the cause by appeal if the justice's court did not have jurisdiction thereof. Having already determined that the amount in controversy was beyond jurisdiction of the justice's court, and that the justice's court did not acquire jurisdiction of said action, it likewise follows that the county court did not acquire jurisdiction of said action upon appeal. In the early case of Rhyne v. Manchester Assurance Company, 14 Okla. 555, 78 Pac. 558, this court said:

"It is the general rule that a court of the justice of the peace is one of limited and special jurisdiction, and no presumptions are entertained in favor of its jurisdiction, but the records must show affirmatively that such court has jurisdiction of both the subject-matter and of the parties. But after jurisdiction of the subject-matter and of the parties attaches, the rule changes, and in all subsequent proceedings the same presumptions are indulged in favor of the regularity and validity of the proceedings of justices' courts as are extended to the superior courts of general jurisdiction."

Under this authority we cannot indulge the presumption that the plaintiff below remitted his claim for damages so as to invest the justice's court with jurisdiction of this case; and, inasmuch as the justice's court is of limited jurisdiction, the record itself

should affirmatively show that all the acts were done necessary to give the court jurisdiction of said cause.

We must therefore hold that the justice's court did not have jurisdiction of this case, under the record as the same is presented here, nor did the county court on appeal therefrom acquire jurisdiction of said cause, nor has this court, upon appeal from the county court, acquired jurisdiction, and this appeal is therefore dismissed.

By the Court: It is so ordered.