## BROWN v. WALKER.

No. 8997—Opinion Filed Aug. 13, 1918.

Rehearing Denied Sept. 17, 1918.

(174 Pac. 1050.)

**1. Justices of the Peace—Jurisdiction—Replevin.**

In an action in replevin before a justice of the peace, the affidavit of plaintiff as to the value of the property is the criterion to determine whether or not the court had jurisdiction.

**2. Same—Counterclaim.**

When a justice of the peace has once acquired jurisdiction in an action in replevin, the defendant cannot divest the court of its jurisdiction by the filing of a counterclaim in excess of the court's jurisdiction.

**3. Same—Appeal.**

When an action is appealed to the district court from justice of the peace, the court has authority to direct or permit the defendant to remit a portion of the counterclaim, so as to bring the amount within the jurisdiction of the justice of the peace court.

**4. Judgment—Modification Pending Term.**

A district court has a right during the term to set aside, vacate, or modify any judgment rendered at said term, and render such judgment as should have been rendered under the law and evidence.

(Syllabus by Davis, C.)

Error from District Court, Caddo County; Will Linn, Judge.

Action by T. W. Brown against J. J. Walker. Judgment for defendant before a justice was affirmed on appeal to district court, and plaintiff brings error. Affirmed.

J. B. Pope, for plaintiff in error.

Theodore Pruett, for defendant in error.

Opinion by DAVIS, C. The parties to this action will be referred to as they appeared in the lower court. This action was begun before a justice of the peace in the city of Anadarko, Caddo county, Okla. T. W. Brown instituted an action in replevin to recover possession of two cows, the value of which, as fixed by the affidavit in replevin, was $100. The defendant filed a general denial and also a cross-petition, asking for damages for the detention of the property in the sum of $50, and for the sum of $100 exemplary damages. The case was tried before a jury in the justice of the peace court, and a verdict returned in favor of the defendant for the return of the property, and for the sum of $20 as damages for withholding said property. The property value, as fixed by the verdict in the justice of the peace court, was $130. The plaintiff appealed to the district court of Caddo county, where the cause was tried de novo. The facts out of which this litigation grows are as follows:

The defendant purchased a cow, for which he agreed to pay the sum of $58.50. The cow was sold at a public sale, at which the cashier of the Citizens' State Bank of Minco was clerk. When this cow was purchased, the defendant executed his note to the bank for the purchase price, and gave as security therefor a mortgage on the cow purchased, and also another cow of about equal value. In addition to this, J. M. Proctor signed the note as security. The note was executed on the 26th day of October, 1915, and made due and payable one year after date. The defendant was indebted to the plaintiff on an open account, and the record discloses that the plaintiff went to defendant and re-

quested him to execute a note to cover the open account and to secure said note by mortgage on the property described in the mortgage that was given to the Citizens' State Bank of Minco. The defendant informed the plaintiff that he was not in a position to further incumber the property given to secure the debt to the bank, and that if he should execute a mortgage on said property to secure the indebtedness due the plaintiff that the bank would foreclose the mortgage.

On the 30th day of March, 1916, the plaintiff went to the bank at Minco and purchased the note given by defendant in payment of the purchase price of the cow, and on the same day instituted this action in replevin, and alleged in his bill of particulars that his reason for instituting said action was that he felt insecure. On the day that the cause was set for hearing before the justice of the peace, J. M. Proctor approached the plaintiff and attempted to make a settlement of said indebtedness. Mr. Proctor agreed to pay the entire amount of the note, together with all interest and all cost that had accrued in said action, if the plaintiff would dismiss the action and not harass the defendant further. The plaintiff informed Mr. Proctor that if he should accept the amount due on the note that he would have no means left by which he could force the defendant to pay the open account. The evidence further discloses that the property was in much better condition at the time this suit was instituted than it was at the time that Mr. Walker bought the cow.

The plaintiff appealed from the judgment rendered by the justice of the peace to the district court of Caddo county. The cause was regularly set for trial on the 20th day of September, 1916. When it was called for trial, the plaintiff did not appear, either in person or by attorney. The defendant announced ready for trial, and proceeded to introduce his evidence and to prove his counterclaim, at the close of which the court rendered judgment for the return of the property, which was found to be of the value of $140, and the further judgment that the defendant was entitled to recover the sum of $125 as damages for being deprived of the use of the property by the plaintiff, and for all cost of suit, taxed at $48.55.

On the 23d day of September, 1916, the plaintiff appeared and filed a motion to vacate the judgment and as grounds therefor alleged that the judgment so rendered by the court was in excess of the jurisdiction of the justice of the peace court. This motion was heard on the 27th day of September, 1915, at which time the court vacated the judgment rendered on the 20th day of September, 1916, for the reason that the amount of the judgment was in excess of the jurisdiction of the justice of the peace, and thereupon the defendant amended his cross-petition by reducing the exemplary damages asked from $100 to $45. After the cross-petition was thus amended, the defendant then asked for judgment on the evidence heard on the 20th day of September in said action. The court thereupon rendered judgment, finding that the value of the two cows and calf was $140, and that the defendant was entitled to recover from the plaintiff the sum of $60 as damages for the withholding of said property and the unlawful detention thereof, and for all cost of the suit, taxed at the sum of $50.45. On the 27th day of September, the plaintiff filed a motion for a new trial, in which the statutory grounds are set forth. This motion was by the court overruled, and from the judgment overruling this motion the plaintiff prosecutes this appeal.

There is only one proposition that needs any consideration in this case, and that is whether or not the court had jurisdiction to render the judgment on the 27th day of September, 1916, against plaintiff and in favor of the defendant. The validity of the judgment is attacked on the ground that the court was without jurisdiction to render this judgment, because the amount asked for by the defendant, together with the value of the property as alleged in the affidavit, exceeds the sum of $200. Section 5405, Rev. Laws 1910, is as follows:

'The affidavit of the plaintiff, as to the value of the property shall fix the jurisdiction of the justice of the peace, so far as such value is concerned; but the value of the property shall not be assessed against the defendant at a greater amount than that sworn to by the plaintiff in his affidavit."

The value of the property asked for by the plaintiff was fixed at the sum of $100; hence the justice of the peace acquired jurisdiction to determine this cause of action. This section of our statute has recently been construed in the case of W. W. Church, Plaintiff in Error, v. A. J. Welch, Defendant in Error, 69 Okla. 161, 170 Pac. 1168. In this action, in construing this statute, the following rule is announced:

"When an action of replevin is commenced in a justice court, and the bill of particulars and the affidavit for the replevin fixed the value of the property involved at a certain sum, on appeal to the district court it is error to render an alternate judgment for plaintiff for said property for a sum in ex-

cess of the value of said property as fixed by said bill of particulars and affidavit."

In this case it is held that the affidavit and bill of particulars filed by the plaintiff determine the jurisdiction of the justice of the peace court to entertain the action, and although a judgment may be rendered in excess of the amount as fixed by the affidavit and bill of particulars, it is not reversible error, but the same may be remitted. The justice of the peace having acquired jurisdiction of this action, the mere fact that the defendant filed a cross-petition wherein damages were asked for the detention of the property, which damages, together with the value of the property as fixed by the affidavit and bill of particulars, were in excess of $200, would not divest the justice of the peace of his jurisdiction. The rule is announced in 24 Cyc. p. 479, as follows:

"A justice of the peace has as a rule no jurisdiction of a set-off or counterclaim which exceeds in amount his jurisdictional limit. But a defendant cannot oust a justice of his jurisdiction by setting up a demand for a greater sum than is within his jurisdiction, and when the balance claimed exceeds the jurisdiction of the justice the set-off should be rejected entirely."

This rule is supported by numerous authorities, among which are Ramer v. Smith, 4 Colo. App. 434, 36 Pac. 302; Barber v. Kennedy, 18 Minn. 216 (Gil. 196); Corley v. Evans, 69 S. C. 520, 48 S. E. 459

It therefore remains to be determined whether the district court had authority to permit the defendant to remit a portion of his counterclaim, so that it might come within the jurisdiction of a justice of the peace. This question we must answer in the affirmative. The rule as announced by practically all of the authorities is that the court may permit pleadings to be amended so as to bring the cause of action within the jurisdiction of the court. In the case of Lindhardt v. Buiff, 11 Cal. 280, it is stated as follows:

"A justice may allow a complaint to be amended as to jurisdictional facts."

In the case of Howard v. Valentine, 20 Cal. 282, the rule is announced as follows:

"Where the jurisdiction of a justice court extends only to a part of relief sought in a complaint, it is erroneous to dismiss the complaint therefor; the court should direct an amendment or disregard the objectionable matter."

See Bensch v. Farnsworth, 9 Ind. App. 547, 34 N. E. 751, 37 N. E. 284; Blair v. Porter, 12 Ind. App. 296, 38 N. E. 874, 40

N. E. 81; Lamberton v. Raymond, 22 Minn. 129; Burden v. Hornsby, 50 Mo. 238.

Under the foregoing authorities, the district court not only had jurisdiction to permit the defendant to amend his cross-petition, so as to bring it within the jurisdictional limit of a justice of the peace, but it was the duty of the court, upon his attention being called to the matter, to direct said amendment to be made. In the case of Church v. Welch, supra, the rule is announced that, if judgment is rendered for an amount in excess of the jurisdiction of the justice of the peace, the error may be cured, even on appeal, and is not such error as ordinarily requires a reversal of the cause. If the justice of the peace had jurisdiction to permit this amendment, then the district court had the same authority, for the reason that, when the cause was appealed the appellate jurisdiction of the district court was identical with the original jurisdiction of the justice of the peace. 24 Cyc. p. 564, lays down the following rule:

"A justice of the peace may permit a plaintiff to amend his pleadings so as to bring the cause within the jurisdiction of the court. Such amendment is in effect an institution of a new suit."

It is a well-settled principle of law in this jurisdiction that the court has inherent power to control all judgments and orders during the term at which they are rendered or entered of record, and may be set aside, vacated, or modified by the court, and this may be done by the court on its own motion; hence the action of the court in vacating the judgment rendered on the 20th day of September, 1916, at the same term, and modifying said judgment, was not error. In the case of Ga. Home Insurance Co. v. Halsey, 37 Okla. 678, 133 Pac. 202, the following rule is stated:

"The court has the right on its own motion to set aside an erroneous judgment during the term at which it was rendered, and where the question submitted is one of law, upon which argument has been heard, to render the proper judgment without rehearing the case."

In the case at bar the plaintiff did not ask to introduce any evidence when the judgment rendered on the 20th day of September, 1916, was vacated, nor did he ask a continuance for the purpose of controverting the evidence introduced by the defendant. There was no conflict in the evidence, and the court had ample power to render judgment on the 27th day of September, 1916, on the evidence introduced on the 20th day of September, 1916.

It is contended by the plaintiff that the rule announced in case of Matheny v. Bank of Nashville, 61 Okla. 123, 160 Pac. 92, is controlling in this case. In this contention counsel is in error. In the Matheny v. Bank of Nashville Case the court never acquired any jurisdiction of the cause, and no request was ever made to reduce the amount. so that it would come within the jurisdictional limits of the courts; hence the court in that case never acquired any jurisdiction of the subject-matter. and this defect could not be remedied. The case is not parallel with the case at bar, nor is the rule announced herein in conflict with the rule established by the Matheny v. Bank of Nashville Case.

In the case at bar the justice of the peace acquired jurisdiction, for the reason that the value of the property as fixed by the affidavit in replevin was $100, and jurisdiction, having once attached, could not be divested by the defendant because a cross-petition was filed wherein an amount in excess of the jurisdiction is asked. and. the court having acquired jurisdiction in this case, it had authority to permit an amendment of the pleadings, so that the amount for which the defendant was seeking to recover would come within the jurisdictional limits of the justice of the peace.

Finding no error in this cause, we recommend that the same be affirmed.

By the court: It is so ordered.