## TERWILLEGER v. BULL.

No. 20672. Opinion Filed March 15, 1932.

Whit Y. Mauzy and J. B. Coppedge, for plaintiff in error.

Charles L. Yancey, Henry L. Fist, and Hugh Ownby, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the court of common pleas of Tulsa county, dismissing an action instituted therein by the plaintiff in error, the plaintiff therein, against the defendant in error, the defendant therein, where the plaintiff sought to recover a money judgment for the conversion of certain personal property. Hereinafter the parties will be referred to as plaintiff and defendant.

The plaintiff in his petition, among other things, alleged that he was the owner of certain personal property therein described; that the property was taken from him in a replevin action instituted against him by the defendant; that the property was delivered to the defendant; that the property was of the reasonable value of $627.50; that the defendant wrongfully, unlawfully, and without authority converted the property to his own use and benefit, disposed of the same, and thereby deprived the plaintiff thereof, to the plaintiff's detriment, injury and damage; that the plaintiff sustained other damage by reason of the institution of the replevin action aforesaid, and that the plaintiff has been damaged in the total sum of $1,327.50, for which amount he prayed judgment. The defendant filed a motion to dismiss, the material part of which was as follows:

"* * * That the petition of the plaintiff filed herein be dismissed for the reason and on the ground that this court does not have jurisdiction to try the cause in said petition alleged or grant the relief therein asked for."

The motion of the defendant was sustained by the trial court and the action was by the judgment of that court dismissed.

There is no such pleading authorized by our Code as a motion to dismiss. Section 264, C. O. S. 1921, provides the pleadings that are allowed, and a motion to dismiss is not included therein. Notwithstanding that section, we are of the opinion that a motion to dismiss is authorized where the trial court does not have jurisdiction of the subject-matter of the action; but where the trial court has jurisdiction of the subject-matter of the action, a motion to

dismiss is not authorized by the procedure in this state. The trial court had jurisdiction of the subject-matter of this action.

It is contended that the motion to dismiss should be considered as a demurrer. Should we so consider it, there is but one provision of section 268, C. O. S. 1921, under which it could have been sustained, and that is the one which relates to petitions that do not state facts sufficient to constitute a cause of action. Under the rule stated in Robinson v. Peru Plow & Wheel Co., 1 Okla. 140, 31 P. 988, which has been consistently followed by this court, the petition filed in this case stated facts sufficient to constitute a cause of action. See McCracken v. Cline, 55 Okla. 37, 154 P. 1174, Wire v. Slocum, 80 Okla. 111, 194 P. 1061, and numerous other decisions of this court. Although we consider the motion filed as a demurrer, we must find that the trial court erred in sustaining the same.

The defendant contends that there were allegations in the petition which show that the cause of action had been adjudicated in a replevin action between the same parties which had been filed in the justice court and which had been tried de novo on appeal in the court of common pleas, and that, under the provisions of section 335, C. O. S. 1921, the claim of the plaintiff herein could have been adjudicated in that action. Section 335, supra, is not applicable herein, for that section relates to an action in replevin in a court of record and not to an action in replevin in a justice court. The procedure for an action in replevin in a justice court is contained in article 4, ch. 4, C. O. S. 1921, and the provisions thereof with reference to a judgment are contained in sections 951 and 952, C. O. S. 1921. Those sections must be read in connection with the provisions of section 18, art. 7, of the Constitution, and, as held in Matheny v. Bank of Nashville, 61 Okla. 123, 160 P. 92, they are applicable only where the amount in controversy does not exceed $200. Where the amount in controversy exceeds $200, the justice of the peace has no jurisdiction (section 18, art. 7 of the Constitution), and the court of common pleas, on appeal from a judgment of the justice of the peace, "can acquire no greater jurisdiction than that possessed by the justice's court." Matheny v. Bank of Nashville, supra. To require the plaintiff in this action to litigate his claim for damages in the justice court, as contended by the defendant, would be to deprive him of the right of recovery in an amount in excess of $200, and, under the allegations of the petition, which must be taken as true

on the hearing of the demurrer, the value of the property converted was $627.50. Notwithstanding the authorities cited by the defendant and their application to replevin suits in courts of general jurisdiction, the defendant in a replevin action in a justice court is not limited to that action for the recovery of damages sustained by reason of the conversion of the property taken in replevin. The jurisdiction of the justice of the peace in a replevin action, so far as the value is concerned, is fixed by the value placed upon the property by the plaintiff in his affidavit. Section 949, C. O. S. 1921. The plaintiff in a replevin action might fix the value of a $1,000 automobile at $200, and by reason of the process of the justice court might obtain possession of the automobile and convert the same. To hold that the right of the defendant to litigate his claim for damages sustained from the wrongful taking and the conversion of the property is limited to that action, would be to limit his right of recovery for the damages sustained to $200, the constitutional limitation on the jurisdiction of the justice of the peace. Such could not be, and is not the law.

We, therefore, hold that under the authorities cited the trial court erred in sustaining the motion of the defendant to dismiss the action, and for that reason the cause is remanded to that court, with directions to vacate the judgment rendered and to reinstate the action, and for further proceedings not in conflict herewith.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.