**McKAY et al. v. HILL et al.**

No. 25685.   Dec. 22, 1936.

Charles R. Freeman, for plaintiffs in error.

Hazen Green and John W. Primrose, for defendants in error.

PER CURIAM. The plaintiffs in error, hereinafter referred to as plaintiffs, filed a replevin action against the defendants in error, hereinafter referred to as defendants, before J. R. Watson, justice of the peace for district No. 14, McIntosh county, for recovery of a sawmill valued at $195. A replevin summons was issued setting forth the value of the property as fixed by the affidavit in replevin, but no claim was made for damages for wrongful detention of the property and the summons was left blank as to the amount of such damage.

A change of venue was taken by the defendant Hill to Justice of the Peace Pennington, of district No. 16 of said county, and in the meantime the defendant Hill, having given an undertaking as required by law, the property was returned to him by the sheriff.

Justice of the Peace Pennington set the cause for trial for the 31st day of July, 1933, on which date one of the defendants, Hill, filed an answer.

On the 31st day of July, Hill appeared for trial and the plaintiffs failed to appear, and the court heard the evidence and rendered judgment against the plaintiffs and for the defendant Hill for possession of the property and a further judgment for $150 for damages.

On the 9th day of August the plaintiffs filed their motion to vacate and set aside the judgment and to set the cause for retrial.

The motion, properly verified, confessed judgment for the costs and stated that plaintiffs have a just and meritorious cause of action and are the owners of the sawmill involved and are entitled to the immediate possession thereof.

The justice of the peace, on August 9th, sustained the motion to set aside the judgment and set the cause for trial for August 16, 1933, but no notice of this hearing was given by plaintiffs to defendant Hill as required by section 985, O. S. 1931.

On the 10th day of August, the plaintiffs, who had obtained the order setting aside the judgment, filed a motion for a change of venue, and a second change of venue was granted and the cause sent to A. J. Foshee, justice of the peace of district 11 of McIntosh county.

The motion filed by plaintiffs before Justice of the Peace Pennington to vacate the judgment, complied with the statutory requirement except that no notice in writing was ever served on the defendant Hill or his attorney of the opening of said judgment and of the time and place of trial, as required by section 985, O. S. 1931.

The cause was continued by the justice of the peace on motion of the plaintiffs from August 16th to August 21st, on which date the parties were present and the defendant filed a motion "to dismiss the case on said change of venue on the ground that the court has no jurisdiction to try the same, said change of venue not having been had and obtained as required by law."

The motion was overruled and exceptions saved by the defendant.

The cause was then tried by the court, a jury being waived, resulting in a judgment for possession of the property in favor of the plaintiffs.

The defendant Hill took his exceptions and appealed by petition in error and bill of exceptions to the county court, and that court rendered a judgment reversing the judgment of Justice of the Peace Foshee and reinstated the judgment of Justice of the Peace Pennington in favor of the defendant Hill. From this judgment the original plaintiffs prosecuted error to this court by petition in error.

The provisions relative to trial of a replevin action in the justice of the peace court are sections 937, 940, 941, 942, 943, and 944, O. S. 1931.

It will be seen that there is no provision for damage for the defendant where the property has not been taken by the plaintiff. That applies whether the failure to take results from a failure to find the property or by a giving of a redelivery bond, as was done in this case. We believe it clear from a reading of these statutes that it is only where the plaintiff has obtained possession of the property and has possession at the time of the various hearings provided in the above sections that the court has jurisdiction to render any judgment for damages for the defendant. The justice of the peace has a limited jurisdiction, and the statutes must be substantially complied with. Matheny v. Bank of Nashville, 61 Okla. 123, 160 P. 92.

The judgment of Justice of the Peace Pennington in favor of the defendant for $150 was therefore void.

Section 985, O. S. 1931, provides that the defendant may set aside a default judgment. We hold that it was unnecessary to comply with the provisions of that statute. That statute presupposes a valid judgment. A void judgment is of no effect and may be stricken down at any time. Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

We are of the opinion that this judgment was void for another reason. Matheny v. Bank of Nashville, supra; Terwilleger v. Bull, 155 Okla. 294, 9 P. (2d) 45.

In Matheny v. Bank of Nashville, supra, the first two paragraphs of the syllabus are as follows:

"In an action in replevin in the justice's court, where the amount in controversy exceeds $200, the court has no jurisdiction thereof.

"In determining the jurisdiction of the justice's court in an action of replevin, the value of the property and the damages sought to be recovered for its detention must be considered together, as fixing the amount in controversy."

In Terwilleger v. Bull, supra, the court held:

"The procedure for an action in replevin in a justice court and on appeal to a court of general jurisdiction is contained in article 4, chapter 4, C. O. S. 1921 (section 942, et seq.). The provisions thereof with reference to judgments are contained in sections 951 and 952, C. O. S. 1921. Those sections must be read in connection with the provisions of section 18, article 7, of the Constitution, and they are applicable only where the amount in controversy does not exceed $200.

"The jurisdiction of a justice of the peace in a replevin action, so far as the value is concerned, is fixed by the value placed upon the property by the plaintiff in his affidavit (section 949, C. O. S. 1921) but that provision is not binding upon a defendant therein so as to require him to therein litigate his claim for damages arising from the wrongful taking of the property and the conversion thereof where the amount thereof is in excess of $200."

The effect of those cases is to hold that, in so far as the plaintiff is concerned, at least, the justice court is without jurisdiction to render a judgment in excess of $200, adding the value of the property to the damage sought to be recovered in order to determine the amount in controversy. Matheny v. Bank of Nashville, supra, is relied upon, in the second case to establish the fact that in so far as the defendant is concerned, he cannot be limited to his right to recoup in damages in a court of competent jurisdiction where his property is worth more or his damages are greater than the jurisdictional amount of the justice court. The effect of this opinion is that a plaintiff by picking a forum of limited jurisdiction cannot preclude a defendant who has suffered damages from seeking damages in a court of competent jurisdiction. The basis of the opinion is the rule announced in Matheny v. Bank of Nashville, supra, that the jurisdictional judgment of the justice of the peace is limited in amount to the value of the property plus the damages sought to be recovered. In Reynolds v. Phillips, 72 S. C. 32, 51 S. E. 523, the court discussed the provisions of the Constitution which used the term "amount in controversy" as does ours. It was there held that the value

of the property must be taken into consideration whether the property is sought or the value thereof. This case is cited with approval in Matheny v. Bank of Nashville, supra. This rule has been limited in this state to the extent that the defendant in a replevin action cannot counterclaim so as to defeat the jurisdiction of the justice of the peace. Brown v. Walker, 73 Okla. 108, 174 P. 1050. But that case is not applicable where at the instance of the defendant the court attempts to render judgment for the defendant for the possession of the property, together with damages which exceed the jurisdiction of the court. See, also, Troy v. Hallgarth (Ore.) 57 P. 374; Dempsey v. Hill, 3 Ohio Decisions Reprints, 260; Wedgewood v. Parr, 112 Iowa, 514, 84 N. W. 528.

The plaintiffs had appeared before Justice of the Peace Pennington and moved to vacate the judgment. That was all that was necessary, if in fact that was necessary. Pettis v. Johnston, supra. At the time, therefore, when they filed their application for a change of venue to Justice of the Peace Foshee there was an action pending and the cause was regularly transferred upon such motion for a change of venue to Foshee, justice of peace. The record shows that the case was duly tried and a judgment entered for the plaintiff for the possession of the property. No other errors are pointed out or claimed except the rendition of said judgment after the judgment had been rendered before Justice of the Peace Pennington. Since the appeal was by petition in error, it became the duty of the county court to examine the record to determine whether error had been committed, and since no error was committed, to affirm the same under the provisions of section 1026, O. S. 1931.

For the various reasons assigned above, we conclude that the judgment rendered by Justice of the Peace Pennington was without jurisdiction and void, and that the judgment rendered by Justice of the Peace Foshee shows no error, and the cause is reversed and remanded to the county court of McIntosh county, with directions to proceed in accordance with the provisions of section 1026, supra.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur. WELCH, PHELPS, and CORN, JJ., absent.