## LANYON et al. v. BYUS.

No. 9998—Opinion Filed April 12, 1921.

(Syllabus.)

**1. Replevin—Right to Exemplary Damages.**

Exemplary damages may be recovered by the defendant in an action in replevin where the plaintiff taking the property has been guilty of oppression, fraud, or malice.

**2. Justices of the Peace—Replevin—Counterclaim—Jurisdiction.**

When a justice of the peace has once acquired jurisdiction in an action in replevin, the defendant cannot divest the court of its jurisdiction by the filing of a counterclaim in excess of the court's jurisdiction.

**3. Replevin — Damages to Defendant — Statute.**

Section 5407, Rev. Laws 1910, provides: "In all cases when the property has been delivered to the plaintiff, when the jury shall find for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit, and, if they find either in his favor, they shall also find the value of the property or the value of the possession, and such damages for withholding said property as may be just and proper."

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Action in replevin by R. J. Lanyon and T. H. Ray against Minnie O. Byus. Judgment for defendant, and plaintiffs bring error. Affirmed.

Erwin & Erwin and F. A. Rittenhouse, for plaintiffs in error.

Norman H. Wright, for defendant in error.

KANE, J. This was an action in replevin commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below. The petition was in the usual form and admittedly stated a cause of action. The answer, after admitting that the plaintiffs were entitled to the possession of part of the property claimed and denying

that the defendant wrongfully kept them out of possession thereof, further alleges that there was wrongfully taken from her by said writ of replevin one Jersey cow of the value of $60. By way of cross-petition the defendant further alleged, in substance: (1) That the taking of said cow in the manner alleged resulted in a loss to defendant in the sum of $96; and (2) that the taking of said cow by said plaintiffs was done willfully and maliciously with the intent of injuring and damaging said defendant, and that by said willful and wanton conduct said defendant was entitled to punitive damages in the sum of $50. The jury returned a verdict in favor of the defendant as follows:

"We, the jury duly sworn and impaneled, do upon our oath find for the defendant in that said defendant was the owner of and entitled to the possession of the Jersey cow in controversy herein; that the value thereof is $60.00, and for said defendant in the sum of $20.00, for the wrongful withholding of said property by the said plaintiffs and for the further sum of $50.00, as exemplary damages."

In due time the trial court rendered judgment upon this verdict, to reverse which this proceeding in error was commenced.

The errors relied upon for reversal are summarized by counsel for plaintiffs in error in their brief as follows:

(1) Exemplary damages in a replevin action are not allowable for the improper institution of the suit.

(2) Since the answer and counterclaim exceeded $200, the court had no jurisdiction to render judgment thereon.

(3) That the judgment should have been in the alternative for the return of the property and damages, or, if a return cannot be had, for the value of the property.

The question raised by the first assignment of error appears to be decided contrary to the contention of counsel in Ray et al. v. Navarre et al., 47 Okla. 438, 147 Pac. 1019, wherein the following rule was approved: When the taking or detention of personal property is attended with circumstances of aggravation, the injured party is entitled to more than compensatory damages, and should be allowed his full measure of redress in the action of replevin, without being compelled to resort to an action to repossess himself of the property unlawfully taken and to another for his damages.

Counsel say that the case at bar is different from Ray v. Navarre, supra, because in that case the damages grew out of the wrongful taking of the property, while in

this the right to recover is based upon the "improper institution of the suit." We think that this is a distinction without a difference. Again recurring to the answer, it appears that the defendant alleges that the act of the plaintiffs in taking the cow was maliciously and unlawfully done with the intent of injuring and damaging the defendant. This allegation clearly brings the case within the rule announced in the Navarre Case, supra. It is true that there are also allegations to the effect that the replevin action was maliciously commenced, but this seems to us to be immaterial. Clearly the right to recover exemplary damages was based upon the taking of the property.

Harris v. Milligan, 68 Oklahoma, 171 Pac. 850, cited by counsel for plaintiffs in error, is not in conflict with Ray v. Navarre, supra, nor does it support the contention of the defendant.

On the second assignment of error the contention is that, inasmuch as the amount prayed for in the answer and counterclaim exceeded $200, that being in excess of the amount over which the justice of the peace may exercise jurisdiction, neither the justice of the peace nor the county court on appeal had jurisdiction to hear the cause. This proposition also has been decided adversely to counsel in the case of Brown v. Walker, 73 Oklahoma, 174 Pac. 1050, wherein it was held:

"In the case at bar the justice of peace acquired jurisdiction, for the reason that the value of the property as fixed by the affidavit in replevin was $100, and jurisdiction, having once attached, could not be divested by the defendant because a cross-petition was filed wherein an amount in excess of the jurisdiction is asked."

The second paragraph of the syllabus reads as follows:

"When a justice of the peace has once acquired jurisdiction in an action in replevin, the defendant cannot divest the court of its jurisdiction by a counterclaim in excess of the court's jurisdiction."

The third assignment of error seems to be without merit. The judgment is in the alternative. It orders "that the defendant do have and recover of the plaintiffs possession of the cow mentioned in the verdict herein if the same can be returned, and that defendant do have and recover of said plaintiffs the value of said cow in the sum of $60.00 in case the return thereof cannot be had." It is true that in either event, the judgment also allows compensatory and exemplary damages as found by the jury, but in view of what we have hereinbefore held as to the defendant's right to recover exem-

plary damages and the statute hereinafter cited, it is not objectionable on this account.

Section 5407, Rev. Laws 1910, provides:

"In all cases when the property has been delivered to the plaintiff when the jury shall find for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit, and, if they find either in his favor, they shall also find the value of the property or the value of the possession, and such damages for withholding said property as may be just and proper."

This statute clearly provides for the recovery of compensatory damages for the withholding of property in cases where, as in the case at bar, the property has been delivered to the plaintiff.

In Roberts v. Wilkins, 40 Okla. 138, 137 Pac. 111, it was held that where a plaintiff in replevin took the property under the writ, sold the same, and dismissed his suit, defendant is entitled to have his right of property and right of possession inquired into and determined by the court, notwithstanding such dismissal, and, in such proceeding, should the right of property and of possession be found in his favor, he is entitled to judgment for its value, together with his damages, for the wrongful detention of the property. The instructions given by the court seem to fairly cover the case.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.