## CUNNINGHAM v. MOSER et al.

No. 11319—Opinion Filed May 29, 1923.

1. **Justices of the Peace—Jurisdiction of District Court on Appeal—Amount in Controversy—Counterclaim.**

In a case properly appealed to the district court from the justice court, defendants filed an amended counterclaim in the district court for damages which increased the amount in controversy beyond $200, and did not remit the amount in excess of the jurisdiction of such justice court. Held, said amended counterclaim was a nullity, and the district court had no jurisdiction to hear and determine same, or any portion thereof.

2. **Landlord and Tenant—Attachment For Rent—What Property Subject.**

Under Oklahoma Statutes governing attachment for rent lien on crops, a levy on 1918 crop for rent due in 1917 is wrongful.

3. **Appeal and Error — Review — Verdict— Evidence.**

This court will not disturb a jury verdict where there is substantial evidence to support the same, but will modify the judgment as to items wholly unsupported by the evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Gus Cunningham against Annie Moser et al. Judgment for defendants, and plaintiff brings error. Affirmed, as modified.

G. T. Ralls, for plaintiff in error.

Jas. R. Wood, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appear in the lower court. Plaintiff sued the defendant Annie Moser in the justice of the peace court in August, 1918, alleging that she was indebted to him for $25, balance of rent on farm land for the year 1917, and $125 furnished and loaned to said defendant with which to make crop, and that defendant had failed to pay said sums, and had disposed of all the rents for 1917; that plaintiff rented said defendant the same land for 1918, and she was gathering the crop, and refused to pay plaintiff said sums. Plaintiff procured an attachment to be levied on the 1918 crop, and in his affidavit stated that the defendant was then gathering the crop for 1918, and refused to pay the rent for last year, and claimed a landlord's lien for the rents for both years, the affidavit stating that the defendant was about to move, and sell and dispose of the crop raised on the place for 1918 without paying the rents due.

Defendant, Annie Moser, answered, in substance, that her son, Wesley Moser, was the real lessee of the land, and that just prior to the filing of the suit by the plaintiff, said son was inducted into the military service, and made her answer in behalf of both herself and said son, denying that either of them was indebted to the plaintiff, and alleging that the attachment was wrongfully sued out by the plaintiff, and claiming damages because thereof against the plaintiff for three items aggregating $118.09, to wit: loss

In price of cotton, $81.09; loss of time and trips in attending court incidental to the lawsuit, $12; attorney fee of $25. She, however, prayed judgment for $136.09 against the plaintiff.

On trial in the justice court the attachment was dissolved and judgment rendered against the plaintiff, on verdict of jury, for $100 damages. After plaintiff appealed to the district court of Coal county, said Wesley Moser returned and, over the objection of the plaintiff, was made a party defendant, and jointly with his mother and codefendant filed a purported amended answer and counterclaim, setting out other items of damage claimed against the plaintiff on account of said attachment in the sum of $96.76, in addition to the items already pleaded, the total being $214.85, and praying judgment against plaintiff for said sum. The trial resulted in a judgment for the defendants for $125, based on verdict of the jury.

1. The amended answer and counterclaim was a nullity. Addition of these items of damage to the original counterclaim, augmenting same to $214.85, was an attempt to oust the court of its jurisdiction. It is well settled that on appeal from a justice court, the district court can hear and determine the case only as a case within the jurisdiction of such justice court; that is, the amount in controversy cannot be enlarged on such appeal beyond the jurisdiction of the justice court. Vowell v. Taylor et al., 8 Okla. 625, 58 Pac. 944; Matheney v. Bank of Nashville, 61 Okla. 123, 160 Pac. 92. The defendants by filing said amended counterclaim for more than $200 could not oust the district court of its jurisdiction, for the same reason that a defendant cannot oust a justice court by filing a counterclaim exceeding said amount, after the justice has acquired jurisdiction at the suit of plaintiff. Brown v. Walker, 72 Oklahoma, 174 Pac. 1050. The defendants in the case at bar should have specifically remitted in their amended counterclaim all sums above $200. This they did not do. In Wagstaff v. Challiss (Kan.) 1 Pac. 631, it is held that where a defendant claims a set-off, exceeding the jurisdiction of the justice of the peace, and does not withhold setting off any portion of the same, the district court has no jurisdiction to hear and determine such suit or any portion thereof. See, also, Bilby et al. v. Stewart et al., 39 Okla. 451, 135 Pac. 931; Gaddis v. Williams et al., 81 Okla. 289, 198 Pac. 483; Lanyon v. Byus, 81 Okla. 203, 197 Pac. 162; Matheney v. Bank of Nashville, supra. It follows that every item pleaded in the amended counterclaim of defendants must be excluded.

2. The attachment in this case was wrongful. Plaintiff attached the 1918 crop for $25 balance of rent due for the preceding year, and $125 loaned and advanced to defendants to make crop. Under the statutes governing landlord's lien, the plaintiff could not attach the 1918 crop for the $25 due for 1917. In Greeley v. Greeley, 12 Okla. 659, 73 Pac. 295, the court says:

"The language of section 3346,—'intends to remove, or is removing, or has within thirty days removed,'—is significant as pointing out the time when the acts of the defendant authorize the commencement of an action under this statute. 'Intends' refers to the future, contemplated action: 'is removing' signifies present action; and 'has within thirty days removed' limits the backward reach of defendants' acts to 30 days. One of these three acts must exist in order to authorize an attachment under this statute. The affidavit was made on the 20th day of June, 1902, and by no possibility could it authorize an attachment for rent for the year 1901."

3. There is no evidence at all to support the attachment for rent on 1918 crop. This attachment being wrongful, the plaintiff was liable to the defendants for the damages, which must be limited to those items pleaded in the original counterclaim.

The jury returned a verdict for $125 in favor of the defendants, whereas the original counterclaim alleges facts for only $118.09. There is no evidence whatever to support the item of $12 for attending court, but substantial evidence in the record to sustain the other two items totalling $106.09. Under the well-settled rule of this court, the verdict in this respect will not be disturbed in so far as thus supported. The defendant Wesley Moser positively admitted in his testimony that he was indebted to the plaintiff in the sum of $73.45. Annie Moser, the other defendant, during the absence of Wesley Moser, offered to settle the claim of the plaintiff for $67. We presume the jury gave the plaintiff credit on the damages allowed to the defendants for $73.45. After eliminating the amended counterclaim of defendants we cannot say positively as to this. If the jury did not allow this credit to the plaintiff, the verdict was supported by the evidence only in part.

It is not necessary to discuss, seriatim, the numerous assignments of error of the plaintiff. If there was any error in the instructions complained of, it was harmless.

The judgment should be modified and affirmed in favor of the defendants, Annie

Moser and Wesley Moser, against the plaintiff for $32.64, the difference between the amounts aforesaid, with interest and costs, and it is so ordered.

By the Court: It is so ordered.