## PETERS v. WALLACE.

No. 17367.   Opinion Filed Sept. 13, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

1. **Appeal and Error—Necessity for Exceptions Below—Order Setting Aside Appointment of Referee.**

An order of the trial court setting aside an appointment of a referee, appointed on agreement of the parties, will not be reviewed by this court, where the record fails to show that complaining party excepted to the action of the trial court at the time.

2. **Same—Failure to Except to Overruling Motion for Judgment Non Obstante Veredicto.**

Where exception is not reserved to the overruling of a motion for judgment non obstante veredicto, this court will not consider the action of the trial court on such motion.

3. **Appeal and Error—Requisites of Brief Where Insufficiency of Evidence Urged.**

In causes appealed to the Supreme Court, wherein it is asked that the judgment of the trial court be reversed for insufficiency of the evidence, it is necessary for the appellant to comply with the requirements of Rule No. 26 of the Supreme Court in preparation of briefs and refer to the pages of the record which sustain his statements; otherwise, the assignment may, in the discretion of the court, be ignored.

4. **Appeal and Error—Insufficiency of Evidence—Objections Below.**

Where the evidence is not challenged by a demurrer thereto, or by a request for a directed verdict, this court, in a law case, will not consider the sufficiency of the evidence to support the verdict rendered.

Commissioners' Opinion, Division No. 1.

Error from County Court, Okfuskee County; Wm. L. Seawell, Judge.

Action by Wm. S. Peters against C. A. Wallace. Judgment for defendant, and plaintiff brings error. Affirmed.

C. R. Board and Wm. S. Peters, for plaintiff in error.

Jas. M. Schackelford (Logan Stephenson and Ethel M. Profitt, on the brief), for defendant in error.

REID, C. This is an action in replevin commenced by the plaintiff to recover possession of certain personal property, wherein he alleged in his petition that he had a special ownership. Neither the petition nor the affidavit in the action states the facts constituting such special ownership, but the case appears to have been tried by the parties upon the theory that the defendant had executed and delivered to the plaintiff a mortgage on the property described in the plaintiff's affidavit for replevin.

The record discloses that the defendant pleaded payment of the note secured by the mortgage, and this issue appears to have been the only one submitted to the jury. The jury returned a general verdict for the defendant. The plaintiff filed motion for new trial, and thereafter, on the same day, filed motion for judgment non obstante veredicto. The motion for judgment non obstante veredicto was overruled, with no exception by the plaintiff. The court overruled the motion for new trial, to which the plaintiff excepted, gave notice of appeal to this court, and brings the case here for review.

The parties stand here as they did in the trial court, and they will be referred to as they there appeared.

The first and second assignments of error complain of the action of the trial court in ordering a continuance of the case at a former term, and also in setting aside an order assigning the case to a referee for hearing, and ignoring a stipulation by the parties that such hearing might be had by the referee. If these orders of the trial court could be the subject of review by this court, which we do not hold, the record does not disclose any objection or exception to the action of the court on either of them. Therefore, no authority is necessary to show that this court cannot pass upon any question raised by these assignments.

The sixth and eighth assignments complain of the action of the court in overruling the motion of the plaintiff for judgment notwithstanding the verdict, but no consideration can be given these assignments for the reason that no exception to the court's ruling is shown to have been taken by the plaintiff, and the same is not assigned as error in the motion for new trial. Holland Banking Co. v. Dicks, 67 Okla. 228. 170 Pac. 253.

In substance, assignments of error num-

bered three, four, and five assail the verdict and judgment on the ground that the evidence is not sufficient to sustain them.

In this connection we call attention to the fact that the defendant has filed a motion asking the court to dismiss this appeal for the reason that the plaintiff has not complied with Rule 26, promulgated by the Supreme Court of this state, in that he has failed in his brief to refer to the pages of the record which sustain his statements.

We have examined the brief and find this is true. However, we will not dismiss the appeal, but will decline to search the record for the purpose of determining whether the evidence in the case is sufficient, as we are not required to do so where the plaintiff in error has failed to follow one of the plain rules of this court. Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 Pac. 537; Collins v. Way, 88 Okla. 143, 211 Pac. 1038.

However, we have examined the record sufficiently to find that it nowhere discloses that the sufficiency of the testimony was ever tested by a demurrer to the evidence or by motion for a directed verdict in favor of the plaintiff.

It was necessary that the plaintiff in error do this in order to have the question reviewed by this court. Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Holland Banking Co. v. Dicks, supra.

Having found adversely to the plaintiff on all questions necessary to a decision of this case, it follows that the judgment should be affirmed. It is so ordered.

BENNETT, LEACH, TEEHEE, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 907, §806. (2) 3 C. J. p. 946, §830.   (3) 3 C. J. p. 1418, §1589.   (4) 3 C. J. p. 839 §746.