## NUNN v. SPEARS.

No. 24961.   April 2, 1935.

Bryan Phillips, for plaintiff in error.

Morris & Wilhite, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Caddo county. The parties in this cause will be referred to according to their relative positions in the trial court. The plaintiff commenced this action in justice court to recover of the defendant the sum of $16 for cutting kaffir corn.

The defendant answered plaintiff's bill of particulars, admitting he owed the $16, but alleging that during the fall of 1929, the plaintiff permitted his stock to destroy defendant's crops and garden to the amount and value of $81; further alleging that the plaintiff agreed and promised to pay for the crops so destroyed, and asked that the same be set off against the plaintiff's claim and for judgment for the balance due him for the crops and garden so destroyed.

Judgment was rendered for the defendant in the justice court, and on appeal to the district court judgment was again rendered in favor of the defendant awarding him the sum of $30.

The only question raised here on appeal is whether or not the evidence is sufficient to support the verdict of the jury and the judgment of the court.

It appears, however, that during the course of the trial, plaintiff tried to challenge the sufficiency of the evidence either by a demurrer and a motion for a directed verdict.

Thus the question arises here, Can the sufficiency of the evidence be considered on appeal in the absence of a demurrer to the evidence or motion to direct the verdict? This question is answered in the cases of Norman v. Lambert, 64 Okla. 238, 167 P. 213, and Peters v. Wallace, 127 Okla. 182, 260 P. 42, in which the court said:

"Where the evidence is not challenged by a demurrer thereto, or by a request for a directed verdict, this court in a law case will not consider the sufficiency of the evidence to support the verdict rendered."

The reason for this rule of law is, that the fundamental principle upon which the proceedings of a trial court are brought to this court for review is to ascertain whether the trial court erred in passing on questions presented to it during the trial, or some proceeding in connection therewith. If the question were not raised in the trial court and no ruling had thereon, it cannot be said that the trial court committed error. Nor can hardship arise from an observance of this rule. It is a very simple matter for counsel either to demur to the evidence or to request the trial court to direct a verdict in their favor. When this is done, the court determines as a matter of law whether or not the motion or request should be sustained; and, if not sustained, by proper exception, the court's action is saved for review. To remain passive is not sufficient, for counsel may not speculate on the result of the verdict without being bound thereby, in the advent it should prove to be adverse.

In this connection we call attention to the fact that plaintiff has not complied with Supreme Court Rule 26. In causes appealed to the Supreme Court, wherein it is asked that the judgment of the trial court be reversed for insufficiency of evidence, it is necessary for the appellant to comply with the requirement of Rule 26 of the Supreme Court in the preparation of briefs, and refer to the pages of the record which sustain his statements; otherwise, the assignment may in the discretion of the court be ignored. The plaintiff has failed in his brief to refer to the pages of the record which sustain his statement. However, we will not dismiss the appeal on this ground, but will decline to search the record for the purpose of determining whether the evidence in the case is sufficient, as we

are not required to do so where the plaintiff in error has failed to follow one of the plain rules of the court. Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 P. 537.

However, we have examined the record sufficiently to find that it nowhere discloses that the sufficiency of the testimony was ever tested by a demurrer to the evidence, or by a motion for a directed verdict in favor of plaintiff. It was necessary that the plaintiff do this in order to have the question reviewed by this court.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys M. C. Garber, A. L. Zinser, and R. W. Simons in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garber and approved by Mr. Zinser and Mr. Simons, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.