## WILSON v. HARLOW PUBLISHING CORPORATION.

No. 27106. May 25, 1937.

Rehearing Denied June 15, 1937.

Geo. S. Evans, for plaintiff in error.

Paul D. Busby, for defendant in error.

OSBORN, C. J. This action was instituted in the justice of the peace court of Oklahoma City by Harlow Publishing Corporation, as plaintiff, against Amos L. Wilson, as defendant, to recover judgment on a promissory note given by the defendant to the plaintiff for $125 with interest and attorney's fee. Judgment was rendered for the plaintiff, Harlow Publishing Corporation, for the amount sued for. An appeal was taken to the court of common pleas of Oklahoma county, and upon the trial of said cause de novo, judgment was rendered for plaintiff. Motion for new trial was filed and overruled, and the cause duly appealed to this court.

The answer of defendant to plaintiff's petition admits the execution of the note sued on, but alleges that same was procured by misrepresentation, misleading the defendant as to the facts, and that the note was without consideration and void. Defendant further answered by way of counterclaim stating that the plaintiff is indebted to defendant in the sum of $750 "on an accounting due between the parties hereto" growing out of the same transaction in which the note in controversy was given, and further states that suit has been brought by said defendant against the plaintiff in the district court of Oklahoma county for the amount set up as a counterclaim.

Defendant closes his answer and counterclaim with the following prayer:

"Having fully answered, and the premises considered, the defendant prays the court to dismiss this action for want of jurisdiction, at the cost of plaintiff; and that the defendant go hence without delay."

No reply or answer was filed in writing by plaintiff to the answer and counterclaim.

This action arose by reason of a contract entered into between the parties hereto whereby the defendant, Wilson, employed the plaintiff, Harlow Publishing Corporation, to bind certain books that defendant had printed, he being engaged in the newspaper business. It appears that Wilson, the author and printer of the books, had prepared a series of books on the Bible. The first series of about 500 copies was delivered to plaintiff in 1920, the second series of about 500 copies was delivered in 1921, and the third series of about 1,000 copies was delivered to plaintiff to be bound in 1924, at which time plaintiff and defendant entered into an oral agreement whereby the plaintiff agreed to store the books, about 2,000 copies according to defendant's contention, for $15 per month. Just when the storage contract was to begin and did begin is not clear. Some partial payments were made on this contract, and in 1934 the defendant called for his books and plaintiff at that time required defendant to give his note for $125, herein sued on. A controversy arose at the time of the execution of the note as to the amount due, but the note was finally executed for the above sum and certain books were delivered to defendant. A few days later defendant advised plaintiff that there was a shortage of about 500 volumes of the books. Plaintiff made further search and found some additional volumes (the number is not shown), which were tendered to defendant at the trial. The testimony further discloses that the defendant had access to the storage room and at various times took some of the books. Defendant admits that he took 40 or 50 volumes or copies of one of the series. Plaintiff claims to have no knowledge of the number of books taken and claims that it delivered all of the books in its possession to defendant.

Appellant first contends that:

"The court was without jurisdiction to hear and determine a counterclaim for an amount greater than $200 on appeal from the justice court; therefore, erred in this matter."

This question has been passed on many times by this court and determined adversely to appellant's contention. Brown v. Walker, 73 Okla. 108, 174 P. 1050.

Appellant's second assignment of error is as follows:

"The court erred in overruling defendant's motion for new trial, for the reasons: (a) Insufficient evidence to sustain verdict and judgment; (b) injection of doctrine of 'accord and satisfaction', not pleaded nor proven, into the case and record."

The first question raised under this assignment is the insufficiency of the evidence. From an examination of the record it is disclosed that there is a sharp conflict in the testimony as to the material issues raised. The well-established rule in this jurisdiction is that where there is evidence reasonably tending to support the verdict of the jury and judgment of the court based thereon, the same will not be disturbed on appeal. Midland Valley R. Co. v. Goble, 77 Okla. 206, 186 P. 723. Furthermore, the record discloses that appellant neither demurred to the evidence nor asked for an instructed verdict, and under the well-established rule would not be entitled to raise the question here. A recent case on this point is that of Nunn v. Spears, 171 Okla. 329, 42 P. (2d) 892.

Appellant further complains of the "injection of the doctrine of 'accord and satisfaction'". This question is also raised by assignment of error No. 5:

"The court erred in giving instruction No. 6. '(a) Submitting to the jury the case upon the theory or doctrine of accord and satisfaction; '(b) same not having been plead nor proven'."

Appellant contends that accord and satisfaction was not pleaded and therefore an instruction submitting the question constitutes error. Ordinarily instructions should be based on the pleadings, but in this case the question complained of was injected into the case on the trial by appellant. The greater part of his testimony was an effort to show there was a serious controversy as to the amount due at the time of the execution of the note involved, and the case having originated in the justice of the peace court, in which written pleadings are not necessarily required, all doubt is removed as to the right of the court to submit the question to the jury. See 64 C. J. pp. 758, 759, sec. 654.

The third assignment of error is as follows:

"The court erred in cutting out counterclaims as a defense to the note; also, the $105 cash payments claimed, and the $62.-50 overcharge claimed"

—wherein instruction No. 4 is attacked. The instruction fairly submits the issue raised by the pleading and the theory upon which the case was tried.

As disclosed by the prayer of appellant's answer filed in the trial court heretofore quoted, and by statement of counsel in brief of appellant, no affirmative relief was asked. Appellant obviously relied first on his plea to the jurisdiction of the court, and when that was overruled, he based his defense on the issue raised by the second paragraph of the answer wherein it is alleged that the note in question "was procured by misrepresentation" misleading appellant as to the facts concerning the amount due.

Finding no substantial error and following the well-established rule that when the verdict of the jury and the judgment thereon are reasonably supported by the evidence, the same will not be disturbed by this court on appeal, we therefore find that the judgment should be, and the same is hereby, affirmed.

BAYLESS, V. C. J., and BUSBY, PHELPS, and HURST, JJ., concur.