## PINE v. BRADLEY.

No. 29246. April 2, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 799.*

C. B. McCrory and John H. Alsop, both of Okmulgee, for plaintiff in error.

W. A. Barnett, of Okmulgee, for defendant in error.

BAYLESS, C. J. W. B. Pine appeals from a judgment of the district court of Okmulgee county, based on the verdict of a jury, in favor of Roy Bradley.

Bradley sued Pine for money due for specified quantities of corn and oats delivered by Bradley to Pine on the 17th to 20th days of July, 1933, inclusive. Pine's amended answer admitted the arrangement, but denied that Bradley de-

livered the quantity of corn and oats set out in the petition, and alleged that any receipts possessed by Bradley evidencing deliveries of such quantities were false and obtained by Bradley from Pine's agents by fraud and misrepresentation. Pine's theory about the arrangement was that it had existed prior to the July deliveries sued for, and Bradley had systematically shorted in the weights and by that and other means had obtained more money from Pine than he was entitled to for all deliveries made at any time. We quote paragraph 6 of the amended answer because of the contention made by Pine in his briefs. The paragraph reads:

"That by virtue of and in pursuance of the aforesaid contract the said plaintiff sold to said defendant certain corn and oats aggregating, to wit, 30,000 bushels, and said defendant paid to said plaintiff for the said grain amounts aggregating about eighty-one hundred and sixty dollars; that said plaintiff has neglected and failed to furnish or deliver said grain or any part thereof to said plaintiff other than about 6,000 bushels of corn and 9,000 bushels of oats; by reason thereof said defendant has heretofore in the aggregate paid to said plaintiff more than the amount said defendant should have paid to said plaintiff according to the contract aforesaid for the amounts of corn and oats delivered by said plaintiff to said defendant, and that this defendant is not now indebted to said plaintiff in any amount whatsoever."

Pine argues that the giving of instruction No. 2, reading:

"You are instructed that notwithstanding the fact that the burden is upon the plaintiff to prove his case by a preponderance of the evidence, that upon any plea of payment made by the defendant, the burden is upon the defendant to prove by a preponderance of the evidence such payments as he may claim to have made as a defense to this action"

—is prejudicial error, because it misinterprets defendant's plea of set-off or recoupment to be a plea of payment.

It is asserted that if an experienced trial judge cannot correctly interpret a pleading, and is misled by his misinterpretation, how is it to be expected that a jury composed of laymen will not be misled to the defendant's prejudice? Pine insists that not only was the instruction a misstatement of the plea, but there was no evidence in the record to justify an instruction on the issue of payment even though the misstatement be ignored; and, that it is erroneous to instruct upon an issue upon which there is no evidence. He also argues that the error thereby committed exceeds the bounds of so-called harmless error, and it cannot be so treated.

Upon consideration of the paragraph quoted, we doubt that it is good as a plea of set-off. We have said that a plea of set-off must be as particularly stated as a cause of action should be stated, and that it must be as fully and distinctly stated as though an original cause of action, and must in itself disclose a cause of action without necessity for recourse to other parts of the pleading. Schmidt v. Turnbuckle, 88 Okla. 223, 212 P. 418. Pine's amended answer does not measure up to this standard—not even substantially. The matters attempted to be set up are stated in most general language, and we are inclined to believe that, insofar as its language reflects any plea, to interpret it as a plea of payment is as consonant as that of offset. The use of the terms "in the aggregate paid," and "should have paid" and "is not now indebted" partake far more of a plea of payment than of offset, considering the negative and involved manner defendant chose to try to plead an offset.

Upon a plea of payment the burden is upon Pine. Edwards v. Johnson et al., 59 Okla. 101, 158 P. 446, and many other cases. The same is true with respect to a plea of set-off. Section 207, O. S. 1931, 12 Okla. St. Ann. § 273. We do not observe anything in our statutes or decisions that makes a plea of payment any more onerous than a plea of set-off. The duty of pleading and the proof necessary on each is the same substantially.

Pine submitted to the court a requested instruction that interpreted Pine's plea as one of set-off rather than payment, but the trial judge declined to give it.

However, the court stated generally to the jury what the pleadings contained, and virtually quoted paragraph 6 of Pine's amended answer verbatim. After giving the instruction complained of, the trial judge gave instructions 5 and 6, that clearly and explicitly stated in language understandable by anyone the defense upon which Pine relied, so that if the jury was at all impressed by Pine's evidence to show that Bradley shorted him in weights and defrauded him by other devices, they could not fail to understand they were to return a verdict for Pine irrespective of the legal title of his defense. For these reasons, we are unwilling to sustain Pine's assignment of error on this issue.

Pine next complains of the refusal of the trial judge to give a requested instruction relating to the credibility of the witnesses. This instruction is limited solely to the matter of falsity in one thing, falsity in all. Being thus limited, it was much narrower than the general instruction given relating to the province of the jury as the weighers of the evidence. This general instruction called to the attention of the jury many factors to be considered, including "whether they (witnesses) have been contradicted or otherwise impeached." We see no error in this respect.

The next assignment is that the verdict returned for the plaintiff is not warranted by the evidence. Under this assignment as well as elsewhere in Pine's briefs much of the evidence is quoted, analyzed, and discussed in a manner calculated to fully disclose Pine's position. However, as pointed out in Bradley's brief, Pine has not sufficiently preserved his record to be entitled to consideration of this complaint. Pine did not demur to Bradley's evidence, and at the close of his evidence he did not demur or move for a directed verdict. His first complaint in this respect appears in his motion for new trial. We know of no better established rule of procedure than the one that a party on appeal may not complain that the evidence is insufficient to support the verdict where the case is submitted to the jury without the complaining party having demurred to the evidence or moved for a directed verdict. Peters v. Wallace, 127 Okla. 182, 260 P. 42, and numerous other Oklahoma decisions digested under Appeal and Error, Key No. 237 (5) West's Okla. Dig.

Pine also complains of the admission in evidence of the scale tickets, relied upon by Bradley to establish the quantity of corn and oats delivered on the particular July days. Pine's objection to these tickets is based on the rule announced in Oklahoma Hay & Grain Co. v. T. D. Randall & Co., 66 Okla. 277, 168 P. 1013, that someone must vouch for the correctness of weights before they are admissible against a party not participating in the weighing. Bradley's testimony obviated this objection. He testified that Pine directed him to have the feed stuff weighed at the particular scale. The trial judge indicated that this was the basis upon which it was admitted and the objections to its admissibility overruled. We do not think it would be logical to require Bradley to account for the correctness of scale chosen by Pine, and to say that although he used the scale chosen by Pine, he had the burden nevertheless of establishing its correctness in order to make its weights admissible in evidence. Pine on his part made no effort to show that the scale was inaccurate, and on this record we feel his objection is far more technical than substantial.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, DAVISON, and HURST, JJ., concur.