STATE of Oklahoma ex rel. L. P. MOORE, Plaintiff,

v.

Ed MORRISON, Judge of Common Pleas Court of Tulsa County, Defendant.

No. 40991.

Supreme Court of Oklahoma.
June 30, 1964.

George P. Striplin and Vural L. Gilley, Tulsa, for plaintiff (applicant).

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for defendant (respondent).

BERRY, Justice.

This is an application in an original proceeding for a writ of superintending control by L. P. Moore, herein referred to as applicant, which in substance seeks an order directing Ed Morrison, Judge of Common Pleas Court of Tulsa County, herein referred to as respondent, to (1) reinstate applicant's cross-petition; (2) transfer the cause to the district court; and (3) refrain from exercising further jurisdiction in the cause.

The pleadings and acts as set forth in the application, petition, response and briefs, insofar as pertinent to the issue herein to be determined, are: that in Cause No. 58,-365 (now pending before respondent), plaintiff (Crager, G.M.C. Inc.) sued applicant for a deficiency judgment in the amount of $2,200.00 which plaintiff alleged was due after the repossessing and sale of an $18,000.00 truck-tractor; applicant filed answer and cross-petition against plaintiff alleging damages in the amount of $28,500.-00 caused by plaintiff's wrongful conversion of applicant's truck-tractor; that subsequently applicant amended his cross-petition by reducing his prayer for damages from $28,500.00 to $10,000.00; and thereafter applicant filed a second amended cross-petition and therein asked for damages in the amount of $28,500.00, and also filed a motion to transfer the cause to the District Court of Tulsa County. Thereafter respondent entered an order overruling applicant's motion for transfer and dismissing applicant's cross-petition for want of jurisdiction.

The question here presented is one of first impression and concerns the construction of Title 20 O.S.1961, § 658.

Applicant's position is that this statute imposes upon respondent the mandatory

duty to transfer the cause to the district court. Respondent's position is that his court is one of limited jurisdiction and he had no jurisdiction to hear, try or determine applicant's counterclaim or cross-petition in the amount of $28,500.00; that Sec. 658, supra, does not provide for the transfer of a cause properly lodged within his court by a subsequent cross-petition in an amount in excess of his limited jurisdiction.

Respondent cites Title 12 O.S.1961, §§ 272, 273 and 275, and asserts that these sections are not compulsory in that applicant does not forfeit nor waive any rights in another action asserted in his claim by not filing a cross-petition or counterclaim in the instant cause. We note that no challenge was made to the sufficiency of applicant's cross-petition.

Respondent cites Thompson v. Shideler, 90 Okl. 94, 216 P. 161, which held that Shideler's claim was for more than $200.00 and he could not have asserted it as a counterclaim in a previous justice of the peace court action and therefore was not precluded from recovering costs in the subsequent action.

Assuming without deciding that respondent's contention is correct in that applicant may sue in separate action, this, however, does not dispose of the issue now before us.

Respondent cites Wilson v. Harlow Publ. Corp., 180 Okl. 284, 69 P.2d 357 and Cunningham v. Moser, 91 Okl. 44, 215 P. 758. These cases held in effect that a defendant could not, by filing a counterclaim in a case in a justice of the peace court in excess of $200.00 thereby divest that court of jurisdiction, and the last of the above two cited cases held that on appeal from a justice court the defendants could not thereby, in an amended counterclaim, seek damages in excess of $200.00. Even though there appear persuasive similarities in the precedents in respect to counterclaims in cases filed in justice courts, in view of 658, supra,

we do not find that we can apply them to our present case.

Sec. 658, supra, in part provides:

"In case it shall appear * * * that said action is beyond the jurisdiction of the court of common pleas, the court of common pleas shall not proceed further therein but shall transfer said cause to the district court in said county and the cause shall be proceeded with in the court to which it shall be transferred as if originally commenced therein."

As we view this section it seems clear that the Legislature intended that a cause would be transferred when it becomes apparent that the common pleas court could not grant the relief sought because of its limited jurisdiction. We do not interpret the intent of the Legislature to be that this excludes a counterclaim which exceeds the jurisdictional limitation. If we would so interpret we would compel multiplicity of lawsuits. Although Perrault v. Holland, Okl., 360 P.2d 240 does not involve the construction of 658, supra, the reasoning therein expressed is applicable here. In that case we held:

"The purpose of statutes relating to counterclaims is to make possible the determination of all controversies growing out of a transaction in one proceeding thus avoiding a multiplicity of lawsuits, and such statutes will be liberally construed in order to carry out said purpose."

For reasons herein stated, we find the trial court applied unauthorized judicial force in overruling applicant's motion to transfer the cause and in dismissing his cross-petition.

The writ is granted and respondent directed to reinstate applicant's cross-petition and transfer the cause to the district court; provided, however, respondent may determine the sufficiency of applicant's cross-petition if challenged prior to transfer.

BLACKBIRD, C. J., and DAVISON, JACKSON and IRWIN, JJ., concur.

HALLEY, V. C. J., and JOHNSON and WILLIAMS, JJ., dissent.

HALLEY, Vice Chief Justice (dissenting).

The majority opinion relies on 20 O.S. 1961 § 658, to require the Court of Common Pleas to reinstate applicant's cross-petition and transfer the cause to the District Court. This statute is not authority for ousting the jurisdiction of the Court of Common Pleas. I believe the jurisdiction should be determined by the action which the plaintiff filed rather than the cross-petition which the defendant filed.

If the legislature had intended to require the mandatory transfer of an entire cause upon the filing of a cross-petition for an amount in excess of the jurisdiction of the court, it would have specifically provided for such. The general rule is stated in 14 Am.Jur., Courts § 221, p. 416:

"The filing of a counterclaim in excess of the jurisdictional limit of the court does not oust the court of jurisdiction of the plaintiff's claim. The court should proceed to hear and determine the plaintiff's claim. So far as the disposition of the counterclaim is concerned, the court has no jurisdiction to hear and determine a setoff or counterclaim in excess of the jurisdictional amount. Under peculiar statutory provisions in some states, courts have been held entitled to adjudicate upon a counterclaim, although it is for an amount exceeding the jurisdiction of the court."

Our legislature has specifically provided for the disposition of counter claims and set-offs, which are in amounts in excess of a court's jurisdiction, in the statutes governing the procedure in our other courts of limited jurisdiction. For the County Courts which have a maximum jurisdiction of $1,000 in civil actions, the legislature has provided in 20 O.S.1961 § 271:

"Provided further, that where a counter claim or set-off shall be filed in any action in the county court of which the county court shall not have jurisdiction, it shall be the duty of the county court, on motion and satisfactory showing by affidavit or other evidence that said counter claim or set-off is a proper counter claim or set-off and that said counter claim or set-off is made and filed in good faith, the county court shall certify said action to some other court in the same county for trial, whose jurisdiction will authorize it to adjudicate the matters involved in said counter claim or set-off."

As to the justice of the peace courts, the legislature has provided in 39 O.S.1961 § 224:

"When the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. A defendant need not remit such excess, and may withhold setting the same off; and a recovery for the amount set off and allowed, or any part thereof, shall not be a bar to his subsequent action for the amount withheld."

Thus it is seen that the legislature has specifically provided that the County Courts must transfer an action when the counter claim or set-off is in excess of the jurisdictional amount. The legislature has specifically provided that justice of the peace courts may continue to have jurisdiction when the counter claim or set-off exceeds the jurisdictional amount. Until the legislature speaks specifically on this matter as to the Court of Common Pleas of Tulsa County, I believe the general rule should apply and the Judge of that Court in the instant case was correct in dismissing the cross-petition for lack of jurisdiction when defendant would not remit the amount in excess of the court's jurisdiction. If the legislature had intended any other disposi-

tion, it would have specifically provided for it.

The proviso that has been added to the syllabus improves the majority opinion but the foregoing comments still apply.

I dissent.