2009 OK CIV APP 18

Earl & Barbara PATZKOWSKY, Paul & Maedean Caldwell, Deloris Coxwell, Diana Caldwell, Jaquee Swanner, Steve Parker, Humphrey Family Trust, Jack Bartell, J.J. & Audrey Parker, and Clyde & Mary Pugh, Petitioners/Appellants,

v.

STATE of Oklahoma, ex rel. OKLAHOMA BOARD OF AGRICULTURE, Oklahoma Department of Agriculture, Food, and Forestry, and Land O'Lakes, Inc., Defendants/Appellees.

No. 104,564.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 3, 2008.

Rehearing Denied Nov. 14, 2008.

Certiorari Denied Feb. 17, 2009.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, OK, for Petitioners/Appellants.

R. Thomas Lay, Kerr, Irvine, Rhodes & Ables, Oklahoma City, OK, for Appellee Land O'Lakes, Inc.

James Woodruff, General Counsel, Oklahoma City, OK, for Oklahoma Department of Agriculture, Food, and Forestry and Oklahoma Board of Agriculture.

OPINION

ADAMS, Presiding Judge.

¶1 Earl and Barbara Patzkowsky, Paul and Maedean Caldwell, Deloris Coxwell, Diana Caldwell, Jaquee Swanner, Steve Parker, Humphrey Family Trust, Jack Bartell, J.J. and Audrey Parker, and Clyde and Mary Pugh (collectively, Appellants) appeal a trial court's order affirming a final order of the Oklahoma Board of Agriculture (Board) that granted an application for a concentrated animal feeding operation (CAFO) permit filed by Appellee Land O'Lakes, Inc., over Appellants' objections.

¶2 Appellants' propositions of error revolve around their claim that Land O'Lakes' CAFO license application does not comply with the Board's rule for those applications by failing to include information and/or documentation concerning its contract to sell the proposed facilities at issue to a third party *after* Land O'Lakes is licensed by the Board, thereby failing to disclose the identity of the real applicant, and that the Board failed to enforce and/or unlawfully amended its own rule. Although Appellants' Brief-in-chief includes citations to the record where Land O'Lakes' applications and notices may be found, the same brief does not give citations to the record to support any of the remaining *material* facts for their claim.[1]

¶3 Okla.Sup.Ct.R. 1.11(e)(1) provides, in pertinent part:

> The *brief of the moving party shall contain* a Summary of the Record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision. *Facts stated in the Summary of the Record **must be supported by citation to the record where such facts occur.***

(Emphasis added.)

Consistent with that requirement, we are not required to search the multiple volumes of this record to find where those "facts" were demonstrated in the evidence. Under such circumstances an appellate court is justified in ignoring assignments of error dependent upon those "facts." *Peters v. Wallace,* 1927 OK 279, 260 P. 42.

¶4 All of Appellants' arguments are dependent on those facts, and we must disregard them. Accordingly, the order of the district court is affirmed.

AFFIRMED

HANSEN, J., concurs, and JOPLIN, J., concurs in result.

---

1.  The brief includes no reference to the record to identify the location of any of the evidence it discusses concerning the existence of the alleged contract with the third party or its terms.